PRESCOTT DAVIS v. B. R. WILSON ET AL.

If a petition for *certiorari* state a case which shows that the plaintiff had no legal defense, it is proper to dismiss the petition.

Where the petition showed that a note, payable to H. or bearer, was transferred, for a valuable consideration, by delivery before due, it matters not if the payee indorsed it after due, so far as the plea of failure of consideration is concerned. (Paschal's Dig., Art. 221, Note 284.)

APPEAL from Wood. The case was tried before Hon. CHARLES A. FRAZER, one of the district judges.

As the case turned upon the demurrer to the petition, the statement of the court in regard to the facts is quite sufficient.

*Winston Banks*, for appellant.

*J. H. Dearborn*, for appellee.

MORRILL, C. J.—Wilson having obtained a judgment against Davis, as maker, and one Herndon, as indorser, of a promissory note executed on the 25th February, 1857, payable to Reuben Herndon or bearer, calling for $25, due 25th December, 1857, before a justice of the peace, the defendant, Davis, applied to the district judge for a *certiorari*, whereby the proceedings of the magistrate were brought before the district court. The legal sufficiency of the petition was objected to by the plaintiff, Wilson, and the objection sustained by the judge, and the decision of the judge thereon is before us and assigned as error.

The petitioner alleges that it was proved that the note was indorsed by Herndon and delivered to Wilson after it became due; that it was also proved by Herndon, who became a witness at the instance of Wilson, and against the wishes of Davis; that Herndon had made a donation of the note to his son, who had traded it to Wilson in consideration of certain goods, and after it became due that Herndon indorsed it.

It nowhere appears that it was not assigned before it became due, and as the law presumes that it was assigned on the day of its execution, when in the possession of a third party and indorsed without date or payable to bearer, the petition was demurrable. But as the maker of the note, in his petition, admits that it was proved that the note was passed to the plaintiff for value received before it became

---

---

due, it being payable to bearer, the only effect that an indorsement thereof by the payee could have would be to make the payee liable by the indorsement, but would not change the liability of the maker in any respect. Hence, the defense of want of consideration could not be admitted, and the judge did not err in so deciding.

JUDGMENT AFFIRMED.