## SEDGWICK v. KIRBY LUMBER CO.
### No. 2609.

Court of Civil Appeals of Texas. Beaumont. Jan. 16, 1935.

Rehearing Denied Feb. 6, 1935.

Adams & White, of Beaumont, for plaintiff in error.

Andrews, Streetman, Logue & Mobley, of Houston, and R. M. Briggs and A. L. Bevil, both of Kountze, for defendant in error.

WALKER, Chief Justice.

This appeal is prosecuted by appellant, Owen Sedgwick, from the judgment of the district court of Hardin county sustaining a general demurrer to his bill of review filed by him on the 21st day of October, 1932, against appellee, Kirby Lumber Company, to set aside a judgment rendered by that district court in favor of appellee, whereby it recovered from appellant a tract of land in Hardin county containing 1,280 acres. For grounds of relief, appellant pleaded in trespass to try title that he owned the 1,280 acres of land; he also pleaded his title specially and by the statutes of limitation of three, five, and ten years. He pleaded further that on the 19th day of June, 1928, appellee filed suit against him and certain other parties in the district court of Hardin county in trespass to try title to recover this land and that he duly answered this suit and that it was regularly continued by agreement of the parties from term to term until the 25th day of May, 1931; that by agreement said suit was continued from time to time until one of the parties should notify the other of bringing the case up for trial; that about ten days before the term of court at which judgment was taken against him appellant met appellee's attorney in the city of Houston—the same attorney who had represented appellee in all prior agreements —and agreed with him that the case should be again continued for the ensuing term of court; that appellant relied upon that agreement and did not attend the ensuing term of court, but appellee's attorney did attend the court and in violation of his agreement and in the absence of appellant called the case up for trial, announced ready, introduced evi-

dence, and took judgment against appellant for the 1,280 acres of land. As a full statement of) the diligence exercised by appellant to attend court and of the fraud practiced against him by appellee's attorney we quote as follows from the bill of review:

"That for the first few terms of court after said case was filed, this plaintiff attended court in order to ascertain whether said case would come up or not, and in order to be present at any trial thereof, and after said case had been continued for some two years, as herein pleaded, this plaintiff and his said attorney were lulled into a confident belief that said attorney for the plaintiff in that suit would not bring about a trial thereof without advising the defendants in said suit, or their said attorney. That on or about ten days before the date judgment was taken in said suit, this plaintiff met the said attorney for the Kirby Lumber Company on the street in Houston, Texas, and had a conversation about said case, and in such conversation the said attorney for the Kirby Lumber Company stated to this plaintiff that he did not have time then to bring that case up for trial at that term of court, and this conversation was similar to other conversations that had been held between the same parties at or shortly before the beginning of previous terms of court. That this plaintiff had always relied upon such representations, and did in this instance rely upon such representations, but the said attorney for the Kirby Lumber Company did not abide by his said agreement, and during the ensuing term of the District Court of Hardin County, Texas, without advising any of the defendants in such suit, or their attorney, and contrary to his said agreements upon which the defendants in said suit relied, and had a right to rely, did, without divulging the existence of such agreement to the court, bring said case up for trial, and in order to secure judgment, introduced in evidence other testimony and a deposition of one T. J. Loftin; that said other testimony as well as the deposition of said T. J. Loftin could have been rebutted and successfully refuted and could have been shown to be contrary to the true state of facts by testimony, which could have been, and would have been, adduced at said trial by the defendants in said suit had they known that said trial was to be had. That the court accordingly entered judgment vesting the title to the said property in the Kirby Lumber Company, which said judgment would not have been entered had the defendants in said suit been present at such trial, and the defendants would have been present had they not relied upon the said promises and agreements of the said attorney for the Kirby Lumber Company, and the testimony on which said judgment was granted could all have been successfully and conclusively rebutted and evidence showing and proving a meritorious claim on the part of Owen Sedgwick to such property would have been presented at such trial had the said Sedgwick and his attorney been aware of such proceedings."

Appellant's prayer was that the judgment against him and others, whereby appellee recovered the 1,280 acres of land, be set aside and "be declared wholly null and void," and that he recover of and from appellee the title and possession of the land in controversy. The following judgment was entered by the trial court sustaining appellee's general demurrer:

"No. 5248

"Owen Sedgwick vs. Kirby Lumber Company

"In the District Court of Hardin County, Texas.

"Be it remembered, that on the 24th day of May, 1933, came on in due order to be heard the above styled cause, and came plaintiff in person and by his attorney and announced ready for trial. Came defendant by its attorney and presented its general demurrer and special exception to the pleadings of the plaintiff. Thereupon, the Court heard the argument of counsel. Counsel for plaintiff stated in open court that no charge of fraud was intended to be made against defendant's attorney in plaintiff's pleading. The Court then took the matter under advisement until June 7th, 1933, on which date, after authorities were submitted, he concluded that such demurrer and exception should be sustained.

"Therefore, on said last named date, such demurrer and exception are in all things sustained and plaintiff, having failed to amend by the last day of Court, this cause is in all things dismissed, and all costs are adjudged against the plaintiff, for which let execution issue.

"Thos. B. Coe, Judge."

## Opinion.

By his pleas of limitation appellant asserted a good defense to the cause of action pleaded against him by appellee; so, it is not necessary for us to review appellee's counter propositions that the title specially pleaded by appellant was subject to the general demurrer and that the special plea of title destroyed the effect of the general allegations in trespass to try title.

■ On authority of Jones v. Wootton (Tex. Com. App.) 228 S. W. 142, Hanson v. Pratt (Tex. Civ. App.) 51 S.W.(2d) 629, and San Antonio Nat. Bank v. McLane, 96 Tex. 48, 70 S. W. 201, we construe appellant's bill of review as stating facts legally sufficient to excuse him from attending court at the time judgment was taken against him, and to convict appellee of fraud in prosecuting the case to judgment in his absence and in violation of the agreement to continue the case for that term of court. To set aside the judgment attacked by his bill of review, it was necessary for appellant to show by his pleadings that the judgment was obtained against him by "fraud," "accident," or "mistake." Wagley v. Wagley (Tex. Civ. App.) 230 S. W. 493. The facts pleaded do not raise the issue either of accident or mistake, but only the issue of fraud. On this statement, the bill of review was not subject to the general demurrer, unless on the issue of negligence suggested by appellee's seventh counter proposition hereinafter referred to.

■ Though appellant's bill of review stated a good cause of action based on the issue of "fraud," it affirmatively appears from the judgment of the trial court that, in sustaining the general demurrer, the issue of fraud was not adjudicated, the judgment reciting the following action by appellant's counsel: "Counsel for plaintiff stated in open court that no charge of fraud was intended to be made against defendant's attorney in plaintiff's pleading."

Since the bill of review did not present the issue either of accident or mistake, the equitable relief prayed for rested entirely on the fraud of appellee's counsel; so, when in open court appellant abandoned the issue of fraud, the bill of review was subject to the general demurrer. In this connection it should be noted that appellant did not amend his bill though he had from the 24th day of May, the day the demurrer was presented, to the 6th day of June, the day judgment was entered on the demurrer.

■ As against our construction of the trial court's judgment, appellant advances the following proposition: "The recital in the judgment that no charge of fraud was intended to be made against defendant's attorney in plaintiff's pleadings cannot be of any force or effect because it does not purport to be an admission of record and is not in the nature of an agreement, nor does it take the character of a judicial ascertainment of a fact."

As we have construed the judgment of the trial court, appellant's counsel made the admission of record in the nature of an agreement and that its effect was regularly adjudicated. Tackett v. Middleton (Tex. Com. App.) 280 S. W. 563, 566, 44 A. L. R. 1143, cited by appellant, does not support his proposition. That case merely held that a recital in a judgment contrary to the record cannot be given effect. The court said: "The record clearly shows that the plaintiff in error did not admit the allegations of the petition for injunction to be substantially true, but the contrary appears affirmatively; wherefore we are of the opinion this particular recitation in the judgment is not binding upon him."

In the case at bar appellant's counsel admitted in open court "that no charge of fraud was intended to be made against defendant's attorney in plaintiff's pleading." That admission in open court was not contrary to the record, but was a construction by appellant of his bill of review and amounted to an elimination from the bill of review of all acts of fraud charged against appellee's attorney.

Appellee's seventh counter proposition referred to above reads as follows: "Unexcused failure of defendant or his counsel to look after or inquire about proceedings in case from May 25, 1931, until about October 21, 1932, constitutes negligence as a matter of law precluding equitable relief to have judgment set aside because rendered without notice to defendant."

Appellant plead no facts excusing him for the delay in filing his bill of review, from the entry of the judgment against him on the 25th of May, 1931, until October 21, 1932. In support of the seventh counter proposition, appellee cites Oldham v. Heatherly (Tex. Civ. App.) 17 S.W.(2d) 113, where the court said:

"By this appeal appellant complains of the action of the trial court in sustaining a general demurrer to her petition in the nature of a bill of review to set aside a judgment rendered against her in favor of appellee by the same court at a former term; appellant alleging that same was rendered without notice to her or her attorney. We sustain the action of the trial court.

"Appellant's petition does not allege any reason or excuse for her failure or for the failure of her attorney to look after or inquire about proceedings in the case for several months after the adjournment of the term at which the judgment was rendered, which charges them with negligence as a matter of law and precludes the equitable relief

sought by the bill of review to set aside the judgment. The fact that her attorney lived in an adjoining county does not affect the rule. Nor does the mere fact that neither she nor her attorney had actual notice of the action of the trial court rendering the judgment furnish any reason or excuse, because appellant had filed her answer in the case and was charged with notice of all proceedings thereafter had in the case. Bray v. First Natl. Bank (Tex. Civ. App.) 10 S.W.(2d) 237, and cases there cited.

"The judgment of the trial court will be affirmed.

"Affirmed."

Appellant seeks to distinguish the case cited from the facts of this case on the ground that, in the cited case, the petitioner pleaded that he had no notice of the trial of the case, while in the case at bar the trial was had in violation of an agreement to postpone. We can see no distinction in the facts. The agreement pleaded by appellant related only to the term of court at which the case was tried, and three terms of court intervened after the judgment was entered against him before he filed his bill of review. We merely refer to appellee's seventh counter proposition without determining its merits, since we are thoroughly satisfied that the bill of review was subject to the general demurrer because of the admission of appellant's counsel in open court.

It should also be noted that the original bill of review alleged that the agreement with appellee's counsel to continue the case was made for appellant by his counsel; an amended bill was filed on the 14th of December; 1932, wherein it was alleged that the agreement with appellee's counsel was made by appellant personally.

We add that counsel who briefed this case for appellant on appeal were not of counsel for him when the original judgment was entered, nor in the preparation of the bill of review, nor the presentation of the bill of review to the lower court.

It follows that the judgment appealed from should be in all things affirmed and it is accordingly so ordered.

### On Rehearing.

We have carefully reviewed the motion for rehearing and all points presented are overruled. Appellant makes the contention that, by his bill of review, he not only attacked the judgment of Kirby Lumber Company v. Owen Sedgwick, in the district court of Hardin

county, wherein Kirby Lumber Company recovered against him 1,280 acres of land, but also pleaded a new title acquired by him subsequent to the rendition of that judgment. We do not think this is a correct construction of the bill of review. But to protect appellant against the issue of res adjudicata, the motion for rehearing is overruled with the construction of the bill of review that it did not put in issue a title by limitation acquired by appellant subsequent to the rendition of the judgment in favor of Kirby Lumber Company.

COMBS, Associate Justice, was disqualified and did not sit.