OWEN SEDGWICK v. KIRBY LUMBER COMPANY.

No. 6893.   Decided June 30, 1937.
Rehearing overruled July 28, 1937.
(107 S. W., 2d Series, 358.)

**164**

*Gilbert T. Adams,* of Beaumont, for plaintiff in error.

It was error for the trial court to sustain defendant's demurrer because plaintiff plead title by statutory averments, title by limitation, and then alleged that the title under which defendant claimed was invalid. Houston Oil Co. v. Davis, 181 S. W. 851; Meyer v. Paxton, 14 S. W. 568; Bingham v. Port Arthur Channel Company, 100 Texas 192, 97 S. W. 186.

*R. M. Briggs* and *A. L. Bevil,* both of Kountze, *J. B. Forse,* of Newton, *Andrews, Kelley, Kurth & Campbell, E. J. Fountain,* and *Harry R. Jones,* all of Houston, for defendant in error.

On proposition that general demurrer was properly sustained. Carr v. Cleveland, 86 S. W. (2d) 858; Griffith v. Tipps, 69 S. W. (2d) 847; Kelly v. Gibbs, 84 Texas 143, 19 S. W. 563; Pure Oil Co. v. Reece, 124 Texas 476, 78 S. W. (2d) 932.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in the district court of Hardin County, Texas, by Owen Sedgwick against Kirby Lumber Company, a private corporation. The trial court sustained the general demurrer filed by the Kirby Lumber Company, and, on Sedgwick's refusal to amend, dismissed the case. On appeal by Sedgwick this judgment was affirmed by the Court of Civil Appeals at Beaumont. 78 S. W. (2d) 1107. Sedgwick brings error. For convenience we shall hereafter refer to Sedgwick as plaintiff and to Kirby Lumber Company as the Lumber Company.

Plaintiff's petition attempts to bring an action to review and set aside a former judgment of the district court of Hardin County, and again try the issues thereby determined. It follows that the petition must be treated as attempting to bring the action generally designated as a bill of review.

The petition, after setting up what we will conclude for the

purposes of this opinion was a good defense to the former suit, alleges, in substance, that in a certain cause entitled Kirby Lumber Company v. Harry Dow et al., No. 4826, on the docket of the district court of Hardin County, Texas, Kirby Lumber Company sued Harry Dow, C. H. Chernosky, Owen Sedgwick, and J. J. Brackin in trespass to try title to the 1,280 acres of land in Hardin County, Texas, here involved, and fully described in the petition in this case; that August 20, 1928, was appearance day for said suit; that all of the above named defendants duly filed answers to said suit before appearance day thereof; that thereafter the said Harry Dow and C. H. Chernosky, by deed, conveyed all their title and interest in said land to this plaintiff, and that the plaintiff by virtue of said deed became the owner thereof. After the above allegations the amended petition, in effect, alleges that the attorney for the Lumber Company in the above described former suit made an oral agreement with this plaintiff and his attorney, out of the presence or the hearing of the court, to the effect that such former suit would be continued from term to term until one of the parties should notify the other party of the bringing of the case to trial. The petition then further specifically alleges that the attorney for the Lumber Company orally agreed with the plaintiff and his attorney that said suit would be continued for the term at which it was actually tried, and would not be tried during said term.

The petition in this cause then further alleges, in substance, that the attorney who made the above agreement broke the same and called up said suit for trial, and tried the same in the plaintiff's absence, and without his knowledge, and obtained a judgment against this plaintiff and the other parties above named awarding to the Lumber Company the title to and possession of the above described 1,280 acres of land. For other allegations of said petition in regard to the matter here under discussion we refer to the opinion of the Court of Civil Appeals.

The judgment of the district court in the present case, omitting formal parts, reads as follows:

"BE IT REMEMBERED, that on the 24th day of May, 1933, came on in due order to be heard the above styled cause, and came plaintiff in person and by his attorney and announced ready for trial. Came defendant by its attorney and presented its general demurrer and special exception to the pleadings of the plaintiff. Thereupon, the Court heard the argument of counsel. Counsel for plaintiff stated in open court that no charge of fraud was intended to be made against defendant's attorney in plaintiff's pleading. The Court then took the matter under advisement until June 7th, 1933, on which date, after authorities were sub-

mitted, he concluded that such demurrer and exception should be sustained.

"THEREFORE, on said last named date, such demurrer and exception are in all things sustained and plaintiff, having failed to amend by the last day of Court, this cause is in all things dismissed, and all costs are adjudged against the plaintiff, for which let execution issue."

The record in this case contains no intimation or contention that the above quoted judgment does not speak the truth.

From the statement we have made, it appears that the plaintiff in this cause seeks to set aside the judgment in Cause No. 4826 and retry the issues there involved on the ground that the attorney for the Lumber Company broke and disregarded a solemn oral agreement with him and his attorney not to try such case at any term of court without previous notice of his intention so to do, and further disregarded a solemn agreement with him not to try such case at the term of court at which it was tried.

■■ It is the settled law of this State that a person who has been injured by a judgment may, at a subsequent term of court, institute a suit to set it aside and retry the original case. Such a proceeding is an equitable one, the essential elements of which are that the party seeking to set aside such former judgment must allege and prove that it was obtained through the wrongful conduct of the opposite party, unmixed with the fault of the complainant, and further it must be alleged and proved that the plaintiff has a meritorious defense or offense which, if heard, would bring about a different result. Winters Mutual Aid Assn. v. Reddin, (Com. App.) 49 S. W. (2d) 1095; and authorities there cited. In this connection, the party seeking to set aside the former judgment must, among other things, plead and prove fraud, accident, or mistake in the procuring of the former judgment. Humphrey v. Harrell, (Com. App.) 29 S. W. (2d) 963.

■ When we come to examine the plaintiff's petition in this case we find that it seeks to set aside the judgment in Cause No. 4826 on the ground, as already shown, that the attorney representing the Lumber Company broke a solemn oral promise and agreement. If such a petition alleges any grounds of relief in the face of Rule 47 governing district and county courts, a point we do not decide, it certainly alleges fraud, and nothing else. In this connection, plaintiff's petition in this case can not possibly be construed as alleging, even by innuendo or implication, accident or mistake. An examination of the judgment of the district-court, here appealed from, shows that when this cause

was reached and called for trial in that court, and when the general demurrer filed by the Lumber Company to the plaintiff's petition was presented to the court for his ruling and judgment, counsel for plaintiff stated in open court "that no charge of fraud was intended to be made against the defendant's attorney in the plaintiff's pleadings." Certainly the trial court had the right to consider the plaintiff's petition in the light of the above quoted statement. Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co., 127 Texas 407, 93 S. W. (2d) 701. The result of such statement was to abandon all allegations of fraud in the petition. It follows that plaintiff stood before the court with a petition in a bill of review case which alleged neither fraud, accident, nor mistake. In such a proceeding such a petition is subject to a general demurrer.

■ As already stated, it appears on the face of the amended petition that the present suit was instituted as a bill of review to set aside a judgment in a former suit and retry the issues there involved. It also appears that in the former suit Kirby Lumber Company sued four persons, viz., Sedgwick, Dow, Chernosky and Brackin, for the title to and possession of the 1,280 acres of land here involved. Sedgwick alone brings this suit and makes the Lumber Company the only defendant. It is alleged in the petition that Sedgwick has purchased the interest of Dow and Chernosky. No mention is made in the petition of Brackin, and no excuse is pleaded for not making him a party. Even if it be held that the allegation that Sedgwick had purchased the interest of Dow and Chernosky is sufficient excuse not to make them parties to this suit, a question we do not consider it necessary to decide, still we think the failure to make Brackin a party is fatal to the petition. It is the settled law of this State that a judgment can not be revised by a suit in the nature of a bill of review unless all the parties interested in the subject matter of the suit, which in this instance is the judgment, are made parties to the proceeding. Davis v. Wilson, 31 Texas 136; Williams v. Nolan, 58 Texas 708; Wells v. Stonerock, 120 Texas 287, 37 S. W. (2d) 712.

■ Plaintiff in error contends that by his petition in the district court he not only attacked the judgment obtained by the Lumber Company in the former suit, but also pleaded a new title acquired by him subsequent to the rendition of that judgment. We are of the opinion that the petition in this case can not be given any such construction. The petition pleads: (a) In trespass to try title; (b) specially pleads plaintiff contended for legal title; and (c) pleads title by the three, five and ten years

statutes of limitation. The petition then pleads the former judgment and seeks to set it aside and recover the 1,280 acres of land awarded to the Lumber Company thereby. We will not lengthen this opinion by going into the details of the petition. It is enough to say that it certainly is not sufficient to plead a title acquired by plaintiff after the rendition of the former judgment.

The judgments of the district court and of the Court of Civil Appeals are both affirmed.

Opinion delivered June 30, 1937.

Rehearing overruled July 28, 1937.