James W. FULLER, by Next Friend, Carl Fuller, et al., Appellants,

v.

UPSHUR RURAL ELECTRIC COOPERATIVE CORPORATION, Appellee.

No. 7173.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 19, 1960.

Rehearing Denied Feb. 16, 1960.

Cornelius & Cornelius, Jefferson, for appellants.

Kenley, Sharp, Ritter & Boyland, Longview, for appellee.

FANNING, Justice.

Appellants sought recovery in damages by reason of personal injuries allegedly received by James Wesley Fuller, a minor (who was 15 years of age), by reason of said minor receiving electric shock by coming into contact with an electric power line of appellee cooperative in Marion County, Texas. The jury in the case in response to the special issues submitted found that appellee was not negligent, that the minor, James Wesley Fuller, was guilty of contributory negligence which was a proximate cause of the accident, and that no damages were sustained by appellants. Based upon the verdict of the jury the trial court on December 17, 1958, rendered a take-nothing judgment against appellants. Appellants' original motion for new trial was filed on December 26, 1958, and with leave of the court their amended motion for new trial was filed on January 15, 1959. In neither of these motions for new trial did appellants allege that four of the jurors who sat in the case were disqualified by being members of or stockholders in the defendant cooperative or by having financial interests therein.

However, on January 27, 1959, the plaintiffs (appellants herein) filed an application for bill of review wherein they alleged that four of the jurors who sat in the trial of the case were disqualified because they were stockholders in the defendant cooperative, which information had not been disclosed on the voir dire examination of the jurors, and that such jurors on their voir dire examination had denied owning any interest in the defendant cooperative, and that appellants had no information of the ownership of stock by said jurors prior to the time of filing their amended motion for new trial. Plaintiffs attached an affidavit of one of their attorneys to the application and prayed that the judgment be set aside and a new trial be granted. Appellants' application for bill of review contains no pleading that they had a meritorious cause of action against appellee.

Appellee controverted appellants' application for bill of review by written answer and attached thereto the affidavits of the four jurors. In such affidavits the four jurors averred that they were members of the cooperative but that on their voir dire examination they had not been asked whether they were members or whether they had any interest in the cooperative and they denied owning any stock in the cooperative and averred that the cooperative did not have any stockholders as far as they knew.

The trial court heard evidence on the application for bill of review. The evidence adduced consisted of the testimony of the four jurors, and that of an attorney for appellants and an attorney for appellee, and the By-Laws of the appellee cooperative. The trial court denied appellants' application for bill of review and overruled their amended motion for new trial. Appellants have appealed.

Appellants have presented a statement of facts only of the evidence adduced on the hearing on the application for bill of review and this statement of facts contains no proof that appellants had a meritorious cause of action against appellee

We deem it unnecessary to write upon all of the contentions of the parties as this cause must be affirmed on one controlling matter, to-wit: We hold that since appellants neither pleaded nor proved that they had a meritorious cause of action against appellee, the trial court did not err in re-

fusing appellants' application for an equitable bill of review. Sedgwick v. Kirby Lumber Co., 130 Tex. 163, 107 S.W.2d 358.

The judgment of the trial court is affirmed.