Vauda ANDERSON et al., Appellants,

v.

C. R. COKER et al., Appellees.

No. 7475.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 8, 1963.

Rehearing Denied Feb. 5, 1963.

William Andress, Jr., Virgil R. Sanders, Sanders, Nolen & Stevenson, Dallas, W. D. Brown, Quitman, for appellants.

Jones & Jones, Mineola, Woodrow Edwards, Mt. Vernon, for appellees.

FANNING, Justice.

Appellants by what they term as "a highly informal bill of review" attacked a trespass to try title judgment rendered in 1954 by the District Court of Wood County, Texas, wherein Joseph B. Coker recovered judgment against Cecil R. Coker for the title and possession of 80 acres of land in Wood County, Texas. Trial was commenced before a jury. Upon the close of appellants' testimony the trial court instructed the jury to return a verdict for appellees. Judgment was rendered for appellees that appellants take nothing. Appellants have appealed.

The record in this case is meagre. Appellant Vauda Coker Anderson (the former wife of Cecil R. Coker) testified and appellants introduced in evidence certain exhibits.

In Sedgwick v. Kirby Lumber Company, 130 Tex. 163, 107 S.W.2d 358, it is stated in part as follows:

"It is the settled law of this state that a person who has been injured by a judgment may, at a subsequent term of court, institute a suit to set it aside and retry the original case. Such a proceeding is an equitable one, the essential elements of which are that the party seeking to set aside such former judgment must allege and prove that it was obtained through the wrongful conduct of the opposite party, un-

mixed with the fault of the complainant, and, further, it must be alleged and proved that the plaintiff has a meritorious defense or offense which, if heard, would bring about a different result. Winters Mutual Aid Ass'n v. Reddin (Tex.Com.App.) 49 S.W.(2d) 1095; and authorities there cited. In this connection, the party seeking to set aside the former judgment must, among other things, plead and prove fraud, accident, or mistake in the procuring of the former judgment. Humphrey v. Harrell (Tex.Com.App.) 29 S.W.(2d) 1963."

An examination of the meagre record before us reveals that appellants failed to present any evidence of probative force to show that they had a meritorious defense to the trespass to try title judgment attacked by them which, if heard, would bring about a different result.

The judgment of the trial court is affirmed.