**Sallie D. POWELL et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

No. 6862.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 17, 1966.

Rehearing Denied Dec. 29, 1966.

John E. Collins, Dallas, for appellants.

Bill A. Martin, Newton, for appellee.

PARKER, Justice.

George O. Powell, Helen Powell and Mrs. Mamie Mott sued the State of Texas and the Commissioners' Court of Newton County to declare null and void and to vacate and set aside a judgment styled "The State of Texas v. Mrs. Sallie D. Powell, et al" in the County Court of Newton County, Texas, dated April 23, 1941, and filed April 30, 1941. The trial court overruled and denied the plaintiffs' motion to set aside the judgment. No jury was impanelled.

Omitting the description of the land involved, the judgment complained of is as follows:

"EXHIBIT 'A'

No. _____

| THE STATE OF TEXAS | | IN THE COUNTY COURT |
| VS | } | OF |
| MRS. SALLIE D. POWELL, ET AL | | NEWTON COUNTY, TEXAS |

### JUDGMENT OF THE COURT

On this the 23rd day of April, A. D., 1941, came on for final hearing the above numbered and styled cause, and it appearing to the Court that no objections have been filed to the award of the special commissioners, filed on the 9th day of April, A. D., 1941 which is as follows:

No. _____

| THE STATE OF TEXAS | | IN THE COUNTY COURT |
| VS. | } | OF |
| MRS. SALLIE D. POWELL, ET AL | | NEWTON COUNTY, TEXAS |

"On this the 9th day of April, A. D., 1941, came on for hearing before the undersigned R. C. Dickerson, Mark Miller and S. F. Hughes, special commissioners and disinterested freeholders of Newton County, Texas duly appointed by the County Judge of Newton County, Texas to assess the damages accrueing to Mrs. Sallie D. Powell, J. D. Powell, H. B. Powell, E. A. Powell and R. H. Howard by reason of the condemnation and taking a right of way fully described in partitioner's petition on file herein, which land is owned by Sallie D. Powell, J. D. Powell, H. B. Powell, E. A. Powell and R. H. Howard, defendants herein and described as follows:

[Description omitted]

"AND all parties having been duly notified of the time and the place of meeting as by law required, and all parties appearing in person and by their attorneys, and after fully hearing said parties at the time and place of appointment, and all the evidence as to the damages which will be sustained by said defendants by reason of such condemnation, we assess said damages in the sum of One

Hundred Sixty-two Dollars and Fifty Cents ($162.50); and the commissioners court of Newton County, Texas shall pay all cost of this proceeding.

/s/ R. C. Dickerson
_____
R. *D.* Dickerson

/s/ Mark Miller
_____
Mark Miller

/s/ S. F. Hughes
_____
S. F. Hughes
                      Special Commissioners

"It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the Commissioners Court of Newton County, Texas on behalf of The State of Texas, pay to Mrs. Sally *B.* Powell, J. D. Powell, H. B. Powell, E. A. Powell and R. H. Howard, the Defendants herein, jointly, the sum of One Hundred Sixty-two and 50/100 ($162.50) Dollars and such payment be, and it is hereby adjudged to be full compensation for the title to the hereinafter described property.

"It is further ORDERED, ADJUDGED and DECREED that the title to said property hereinafter described be and the same is hereby divested out of the said Mrs. Sally D. Powell, J. D. Powell, H. B. Powell, E. A. Powell, R. H. Howard, defendants herein, and vested in the State of Texas, said property being described as follows:

[Description omitted]

"It is further ORDERED, ADJUDGED and DECREED that the Commissioners Court of Newton County, Texas shall pay all costs herein incurred.

/s/ Causey Mattox
_____
Causey Mattox, County Judge
Newton County, Texas"

Such judgment is of record in Volume 2, page 386, Minutes of the County Court of Newton County, Texas, and in Volume 63, page 443 of the Deed Records of Newton County, Texas.

This is not a trespass to try title suit. It is a bill of review with appellants seeking to cancel and set aside the judgment of 1941. The time for filing a motion for new trial and for appealing from the judgment of 1941 had expired. Under Rule 329b, Texas Rules of Civil Procedure:

"[A] proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it. Into this category will fall those cases in which a default judgment is asserted to be void for want of service, or of valid service, of process." McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 710 (1961).

Appellants allege in their petition they are the legal heirs of Sallie D. Powell and J. D. Powell; that the County Court of Newton County lacked jurisdiction to render such judgment of 1941 since the condemnees in the cause did not receive any notice of any kind of the condemnation sought by the commissioners' court of Newton County on behalf of the State of Texas to take land to be used as a right-of-way for the relocated State Highway 87; that this judgment should be set aside and de-

clared null and void since the named condemnees in the case of The State of Texas v. Sallie D. Powell, et al, had no notice of the commissioners' hearing and did not appear before such hearing; that the amount awarded to the condemnees was so inadequate as to amount to an unconstitutional deprivation of property without due process of law. They further alleged they have legal title to the land described in the judgment; that they had no opportunity to file objections to the award of the commissioners that any recitations contained in the judgment pertaining to notice given to the parties bears no relation to the actual facts as they existed at that time. They further allege they had no legal remedy at law and that through no fault of their own they have lost the right of appeal. For the same reasons as set forth above, they allege that they have a "good and sufficient defense to the action".

No answer or pleading of any kind was filed on behalf of appellees. Appellants did not ask for default judgment. Attorney for appellees participated in the actual trial. Under Rules 67 and 90, T.R.C.P., the Supreme Court of this State has held that it is clear

"that even though the defendant wholly fails to file any answer whatever, yet if the parties appear and try the case on certain issues without any objection on the part of the plaintiff to the failure of the defendant to file an answer, the plaintiff cannot raise the issue of insufficiency of the defendant's pleadings for the first time on appeal." Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (1944).

Of course, the appellants would have had no notice of the hearing held by the special commissioners and no material reason to appear at the hearing because they were not condemnees. Appellants' points of error are:

1. The trial court erred in denying appellants' motion to set aside the judgment of April 23, 1941, for the reason that no evidence was presented before the Court to show that notice had actually been served on the landowners to appear at the Commissioner's hearing: therefore, any judgment issuing out of said hearing should have been declared null and void.

2. The trial court erred in not setting aside the judgment complained of since a defective condemnation proceeding is subject to collateral attack as is any other void proceeding, especially so when there is no notice given to the landowners.

3. The State and County of Newton failed to meet their burden since they, as the condemnors, failed to introduce any evidence that the landowners had been served with notice of the condemnation hearing held on the 9th day of April, 1941.

Pursuant to Rule 377, T.R.C.P., a statement of facts in narrative form was agreed to by counsel for all parties and approved by the trial judge. A deputy of the County Court of Newton County testified that a search had been made for the papers in the 1941 cause "but no records or citations had been found in the case." Mr. George O. Powell testified his father and grandmother were neither served with papers nor received notice of any kind relative to the condemnation proceedings. He did not identify his father or grandmother by name nor did he state when they died or give any details of their marital history and heirship or whether they died testate or intestate. There is no evidence as to whether or not H. B. Powell, E. A. Powell or R. H. Howard are alive or dead. There is no evidence as to the respective ownership in the land of any of the condemnees. The 1941 judgment ordered the commissioners' court to pay condemnees jointly the sum of $162.50. There is no allegation and no evidence that the condemnees were not paid such sum jointly. When the 1941 judgment was recorded in the Deed Records of Newton County it was notice of its existence to all persons claiming under any of the condemnees in the 1941 judgment. Art. 6646, Vernon's

Ann.Civ.St. There is no pleading and no evidence that appellants subsequent to the deaths, respectively, of Sallie Powell and J. D. Powell have proceeded with diligence in filing their bill of review with legal notice of the existence of the 1941 judgment.

The judgment of 1941 not being void upon its face, it was indispensable to a bill of review that it contain an allegation denying no lack of diligence on the part of the appellants and proof thereof. Appellees raised this question by the evidence and by the contention that time had run on this matter. Appellants in no manner showed they were diligent in filing this suit when they had notice of the 1941 judgment after the death of Sallie D. Powell and J. D. Powell, under whom they claim to be legal heirs. In the instant case, such allegation and proof of diligence on the part of appellants are lacking.

There is no evidence as to the value of the property as of the date of taking by the 1941 judgment or at the time of filing the instant bill of review. Appellants in no manner questioned the authority of the condemnors to exercise the right of eminent domain. As part of their meritorious defense appellants have not produced evidence that would bring about a different result as to money damages than that of the 1941 judgment, thereby failing to prove the 1941 judgment was adverse to them. To be successful in a bill of review to set aside and cancel a judgment, each and all of the elements of a bill of review must be met. Palmer v. D.O.K.K. Benevolent Ins. Ass'n, 160 Tex. 513, 334 S.W.2d 149 (1960), reversing Court of Civil Appeals of 1959, 329 S.W.2d 916; McDonald v. Finley, 328 S.W.2d 919 (Tex. Civ.App.1959, wr. ref'd).

H. B. Powell, E. A. Powell and R. H. Howard and/or those deraigning title under them are indispensable and necessary parties to this suit and have not been made parties. Sedgwick v. Kirby Lumber Co., 130 Tex. 163, 107 S.W.2d 358 (1937). In appellees' brief it is asserted that the payment of $162.50 was made to the condemnees in the 1941 suit. This assertion has not been contradicted. Appellants have no allegation in their bill of review that it was not paid to the condemnees. This suit was filed more than 24 years after entry of the 1941 judgment. The presumption of payment obtains. Weems v. Masterson, 80 Tex. 45, 15 S.W. 590, 593 (1891). Condemnees by accepting this payment were estopped to deny the validity of the 1941 judgment.

The Supreme Court of Texas in Texas Employers' Ins. Ass'n v. Arnold, 126 Tex. 466, 88 S.W.2d 473, 474, quoted with approval from Humphrey v. Harrell, Tex. Com.App., 29 S.W.2d 963, 964, as follows:

"The only relief to an injured party, other than by appeal, is by direct suit setting up equitable grounds for the relief sought. When such a petition for relief at a subsequent term is brought before the proper court, it is not contemplated that the cause shall be divided and tried by piecemeal; one in which a judgment is rendered setting aside the former judgment and the other in a trial on the merits, but every issue arising on the merits must be disposed of, and the relief prayed for is either denied or granted in the one proceeding."

Honoring this principle, appellants have failed to meet their burden in order to obtain relief by their bill of review.

Judgment of the trial court is affirmed.