**Alida Jean Johnston McLEMORE,
Appellant,**

v.

**Alan David JOHNSTON, Appellee.**

No. 19975.

Court of Civil Appeals of Texas, Dallas.

July 19, 1979.

Thomas A. Melody, Dallas, J. Dan Connelly, Arlington, for appellant.

Morton D. Newman, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Appellant Alida Jean Johnston McLemore appeals from a summary judgment denying her claim for equitable partition of the parties' matrimonial residence. Upon divorce in 1971, the decree awarded the residence to appellee, Alan David Johnston, for his use during their children's minority, and fixed appellant's interest in the residence at $17,200. Appellant now claims that equity requires she be given a one-half interest in the present value of the property. The court granted summary judgment on the ground that appellant could not collaterally attack the prior divorce judgment. Appellee also filed a separate limited appeal complaining of the court's award of prejudgment interest on the $17,200. We hold that the divorce decree may not be collaterally attacked and that the appellee's complaint was waived. Accordingly, we affirm.

The 1971 divorce judgment found the value of the residence at that time to be $34,400, but awarded its use to appellee as a residence for himself and his children until the youngest child reached eighteen or such use was abandoned. The decree further provided that within nine months after the youngest child should reach eighteen, the appellee should have the right to purchase appellant's one-half interest for $17,200, and that if by agreement the parties should sell the property, the sum of $17,200 should be paid to appellant, less appellant's share of the cost of the sale. The decree continues:

If, after the expiration of nine months from the date upon which the youngest child of the parties reaches the age of eighteen years, neither of the aforedescribed events have occurred then upon proper motion made by either party, the Court will name and appoint a Receiver for the purpose of selling said property, paying all expenses of sale, and delivering to Petitioner the sum of $17,200 less her proportionate share of the cost attributable to such sale, and delivering to Respondent the balance of such net proceeds, if any.

The youngest child reached eighteen years of age in December of 1977. Nine months later, Appellant filed suit for equitable partition, claiming that the divorce judgment gave an option to appellee which he failed to exercise within the required time. Appellant contends that since appellee failed to exercise the option she now has a joint tenancy in the property and is entitled to one-half of the property at its present value. Pursuant to an agreement made after the suit was filed, the property has been sold and proceeds have been paid into the court registry. In a summary judgment granted on appellee's motion, the court ordered the amount of $17,200 to be paid to appellant with nine percent interest from September 23, 1978, and the balance to be paid to appellee.

Appellant attacks the summary judgment on three grounds. First, she claims her action is a new cause of action based in equity, separate from the divorce action. Second, she claims a constructive trust was imposed on the property when appellee did not pay appellant her share of the property within a reasonable time. Finally, she argues the court improperly failed to take judicial notice of the inflationary period between the divorce decree and the summary judgment hearing. In her pleadings, appellant asserts a right to equity because of changed conditions and unjust enrichment of the appellee. She also pleads that the decree was ambiguous, and was subject to the construction that she is an equal cotenant of the property. No contention is made that the divorce decree is void.

We conclude that appellant's claim for equitable relief has no merit because this action is an attempted collateral attack upon a valid divorce judgment. In general, valid existing judgments can not be collaterally attacked. Equity will take jurisdic-

tion to set aside a judgment only on a direct attack by bill of review subject to strict requirements not shown here. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950); *Sedgwick v. Kirby Lumber Co.*, 130 Tex. 163, 107 S.W.2d 358–359 (1937).

 We also reject appellant's argument that the divorce decree was ambiguous. The terms of the decree are clear. On the expiration of the nine-month period after the parties' children reached eighteen, if appellee had not delivered appellant the $17,200, appellant's remedy was to petition the court for the appointment of a receiver to sell the property so that she could obtain the $17,200 due her under the decree. Under the decree, appellant is clearly only entitled to $17,200, less costs, regardless of appellee's actions.

Appellee filed a limited appeal in this case complaining of the award of prejudgment interest to appellant on the $17,-200, from the date of September 23, 1978, until January 23, 1979. We hold that appellee waived this complaint by not excepting to the judgment or bringing the complaint to the attention of the trial court. *Westinghouse Credit Corporation v. Kownsler*, 496 S.W.2d 531, 533 (Tex.1973); *Reliance Insurance Co. v. Dahlstrom Corporation*, 568 S.W.2d 733, 737 (Tex.Civ.App.—Eastland 1978, writ ref'd n. r. e.). We recognize that Tex.R.Civ.P. 324, as amended, no longer requires a motion for new trial as a prerequisite to appeal. The rule, however, still requires a motion for new trial for "a complaint which has not otherwise been ruled upon." Appellee's complaint was not ruled upon in the trial court and was therefore waived.

Affirmed.