Opinion issued October 30, 2008





 



In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00116-CV






ROXANNE GIBSON, Appellant


V.


HEB GROCERY COMPANY, LP, Appellee






On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 07-56932






MEMORANDUM OPINION



 This is a premises-liability case filed by appellant, Roxanne Gibson, against
Appellee, HEB Grocery Company, L.P. (HEB). After the trial court dismissed the
case for discovery abuses, Gibson filed a bill of review. HEB responded by filing a
motion for traditional and no-evidence summary judgment. The trial court granted
HEB's motion without stating the basis of the ruling. Gibson challenges this order
in two points of error. We affirm. 

Facts and Procedural Background


 Gibson's pleadings in the underlying lawsuit allege that she sustained serious
injuries when she stepped in a pool of water in one of HEB's stores. Bartholomew
Okonkwo represented Gibson in that lawsuit. In her pleadings in support of her
petition for bill of review in this cause, Gibson states that Okonkwo committed gross
malpractice in prosecuting her claim, resulting in his failures to properly represent
Gibson, to respond to discovery, and to appear at important hearings. 

 Specifically, Gibson alleged that, on June 21, 2006, HEB attempted to serve
Requests for Disclosures at Okonkwo's stated address; the discovery was returned
unclaimed to HEB with the notation that Okonkwo had moved and had left no
forwarding address; then, on two subsequent occasions, HEB faxed disclosure
requests to Okonkwo and requested a corrected address. Okonkwo failed to answer
either of these disclosures. On August 28, 2006, HEB filed a motion to compel the
discovery and for sanctions and noticed a hearing. Okonkwo failed to appear for the
hearing, at which time the trial court issued an order compelling the disclosures and
ordered Okonkwo and Gibson, jointly and severally, to pay $500.00 in attorney fees
as a sanction. On October 6, 2006, Okonkwo filed Gibson's disclosures, listing his
address as 3555 Timmons Lane, Suite 770, Houston, Texas 77027. Okonkwo also
served discovery requests on HEB, but listed a different address from the Timmons
Lane address.

 On November 13, 2006, HEB filed a second motion for sanctions on the
ground that Okonkwo failed to file a corrected address. The trial court granted the
motion and ordered both Okonkwo and Gibson to pay $300.00, jointly and severally,
as a sanction. Gibson claims that neither the trial court nor HEB informed her of this
action. 

 On December 7, 2006, HEB filed another motion to compel the discovery and
for sanctions based on Okonkwo's failure to respond to the interrogatories and the
requests for production that HEB had served on October 6. The trial court granted
HEB's motion and ordered $450.000 in attorneys fees against Okonkwo and Gibson,
jointly and severally, as a sanction. Gibson claims that no inquiries were made
regarding her knowledge of or participation in the sanctionable conduct and that she
received no notice of the trial court's action. 

 On January 11, 2007, Okonkwo filed a motion in which he attempted to explain
his absence from the case and asked that the trial court set aside "all adverse orders"
of sanctions previously entered and abate the proceedings. Okonkwo focused
exclusively, however, on his and his wife's illnesses and complications of those
illnesses. Nothing in the motion indicated in any way that the sanctions resulted from
any lack of cooperation on Gibson's part. Likewise, HEB never suggested in
subsequent filings that Gibson personally participated in any sanctionable conduct. 

 In its fourth motion for sanctions filed on February 16, 2007, HEB asked that
the trial court dismiss Gibson's case as a death-penalty sanction. The trial court
granted HEB's motion on February 27, 2007. Upon inquiring with the clerk of the
trial court, Gibson eventually learned that her case against HEB had been dismissed,
and that the deadline to perfect an ordinary appeal had passed. Gibson filed her
petition for bill of review on September 7, 2007. In response, HEB sought summary
judgment on both traditional and no-evidence grounds. The trial court's January 28,
2008 order granted HEB's motion without stating any grounds, denied Gibson's bill
of review, and dismissed her case. 

Standard of Review


 We review the trial court's ruling on a summary judgment motion de novo. 
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). In conducting
our review, we view the evidence in the light most favorable to the nonmovant and
make all reasonable inferences and resolve all doubts in the nonmovant's favor. 
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).

 The movant for a traditional summary judgment must establish that there is no
genuine issue of material fact and that he is entitled to judgment as a matter of law.
Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999). A defendant who moves for summary judgment
must either disprove at least one element of each of the plaintiff's causes of action or
plead and conclusively establish each essential element of any affirmative defense,
thereby rebutting the plaintiff's causes of action. Cathey v. Booth, 900 S.W.2d 339,
341 (Tex. 1995). If the movant can show that it is entitled to judgment as a matter of
law, the burden shifts to the nonmovant to present evidence raising a fact issue to
defeat the motion for summary judgment. Haight v. Savoy Apartments, 814 S.W.2d
849, 851 (Tex. App.--Houston [1st Dist.] 1991, writ denied).

 In a no-evidence motion for summary judgment, the movant represents that no
evidence exists as to one or more essential elements of the nonmovant's claims on
which the nonmovant would have the burden of proof at trial. Tex. R. Civ. P.
166a(i); see Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70-71 (Tex. App.--Austin
1998, no pet.). On appeal, we ascertain whether the nonmovant produced more than
a scintilla of probative evidence to raise a genuine issue of material fact on the
challenged elements. Jackson, 979 S.W.2d at 70-71. More than a scintilla of
evidence exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." King Ranch v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003). Evidence that does no more than create a mere surmise or
suspicion of fact amounts to less than a scintilla of evidence. Id.

 HEB sought both a traditional and a no-evidence summary judgment. Because
the summary judgment order does not specify the grounds on which the trial court
relied for its ruling, we may affirm the summary judgment "if any of the summary
judgment grounds are meritorious." FM Props. Operating Co. v. City of Austin, 22
S.W.3d 868, 872 (Tex. 2000).

Analysis


 In her first point of error, Gibson argues that the trial court erred by
"determining that a bill of review [was] not the proper avenue of relief for [Gibson]." 
Yet, nothing in the summary judgment record or the order rendering summary
judgment demonstrates that the trial court made that determination or was asked to
make that determination. Gibson's first point of error thus presents nothing for
review. See Tex. R. App. P. 33.1(a)(1) (governing preservation of error). 

 We overrule Gibson's first point of error.

 In her second point of error, Gibson contends the trial court erred by rendering
summary judgment in favor of HEB because genuine fact issues on the bill-of-review
elements precluded that ruling. A bill of review is an equitable action brought to set
aside a judgment that is no longer appealable or subject to challenge by a motion for
new trial. King Ranch, 118 S.W.3d at 751. Although the bill-of-review proceeding
is equitable in nature, "that an injustice has occurred is not sufficient to justify relief." 
Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999) (citing Alexander v.
Hagedorn, 226 S.W.2d 996, 998 (Tex. 1950)). The grounds on which a bill of review
can be obtained are narrow because the procedure conflicts with the fundamental
policy that judgments must become final at some point. King Ranch, 118 S.W.3d at
751 (citing Alexander, 226 S.W.2d at 998).

 Accordingly, bill-of-review practice has traditionally required proof of the
following three elements: (1) a meritorious defense, (2) that was not asserted due to
fraud, accident, or wrongful act of an opponent or official mistake, (3) unmixed with
any fault or negligence by the party seeking the bill of review. Ross v. Nat'l Ctr. for
the Employment of the Disabled, 197 S.W.3d 795, 797 (Tex. 2006); see Baker v.
Goldsmith, 582 S.W.2d 404, 407 (Tex. 1979); Sedgwick v. Kirby Lumber Co., 107
S.W.2d 358, 359 (Tex. 1937). (1) 

 HEB's no-evidence motion for summary judgment challenged only prong two
and three as grounds warranting summary judgment. (2) As plaintiff in the bill-of-review action, Gibson would have the burden of proof on these elements at trial of the
bill of review and therefore had the burden to raise a fact issue on each of these
elements. Tex. R. Civ. P. 166a(i).

Fraud, Accident or Wrongful Act by Bill-of-Review Opponent


 Gibson contends that existing fact issues preclude the summary judgment
rendered in favor of HEB. Specifically, Gibson contends that she was prevented from
raising her meritorious defense "due to HEB's wrongful acts in filing a motion that
requested the dismissal of Gibson's case without first providing the requisite
foundation for such a request." We construe Gibson's contention to mean that HEB
acted wrongfully by requesting that death-penalty sanctions were appropriate against
Gibson as punishment for her lawyer's discovery abuses.

 To address Gibson's arguments, we must define what constitutes fraud,
accident, or a wrongful act by a bill-of-review opponent. Fraud in relation to attacks
on final judgments is either extrinsic or intrinsic. Tice v City of Pasadena, 767
S.W.2d 700, 702 (Tex. 1989). A bill of review requires a showing of extrinsic fraud,
specifically, conduct that denies a party the opportunity to fully litigate at trial all
rights or defenses that the party could have asserted. See id. The fraud must be by
the opposing party. Transworld Fin. Servs. Corp. v. Briscoe, 722 S.W.2d 407, 408
(Tex. 1987) (citing Alexander, 266 S.W.2d at 1001). (3) In moving for no-evidence
summary judgment on Gibson's bill of review, HEB argued that Gibson had no
evidence of any fraudulent act by HEB. We agree. 

 Gibson appears to support her argument that HEB's acts were wrongful
because HEB requested that the trial court impose death-penalty sanctions for
discovery abuse by her lawyer. Gibson further contends that HEB committed
wrongful acts because it failed to make what Gibson contends was a mandatory
inquiry of her, required by due process, which resulted in her ignorance of the events
transpiring and her failure to respond to the requested discovery. Specifically, Gibson
contends that HEB never "inquired into Gibson's participation in the discovery
abuses even though her knowledge or participation was necessary for HEB to be
entitled to the death penalty sanctions it sought." Gibson cites no law to support
these arguments and we know of no law that required HEB to contact Gibson to
inform her of the discovery abuses committed by her attorney. (4) 

 Gibson also emphasized that her attorney's negligence caused her to suffer the
adverse judgment of dismissal in the underlying case. Even after taking these
allegations as true, they fail to raise a genuine fact issue to preclude summary
judgment on the bill of review. Allegations of fraud or negligence on the part of a
party's attorney are insufficient to support a bill of review in favor of that party and
do not relieve the bill-of-review plaintiff of her burden to prove extrinsic fraud by her
opponent. See Briscoe, 722 S.W.2d at 408; see also Nichols v. Jack Eckerd Corp.,
905 S.W.2d 5, 8 (Tex. App.--Houston [1st Dist.] 1995, no pet.) (citing Briscoe, 722
S.W.2d at 408 and holding same). (5) 

 We overrule Gibson's second point of error.

Conclusion


 We hold that the trial court properly rendered no-evidence summary judgment
in favor of HEB, and we affirm the judgment of the trial court.



 

 Sherry Radack

 Chief Justice

 

Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

1. [1]An exception to this requisite showing occurs when a plaintiff seeking a bill of
review is a defendant who establishes that it has never been served with process; that
showing alone warrants the bill of review "because the Constitution discharges the
first element, and lack of service establishes the second and third." Ross v. Nat'l Ctr.
for the Employment of the Disabled, 197 S.W.3d 795, 797 (Tex. 2006) (citing
Caldwell v. Barnes, 154 S.W.3d 93, 96-97 (Tex.2004)). This exception does not
apply to this case, in which Gibson was the plaintiff in the underlying case.
2. [2]HEB stated in its motion for summary judgment that, "although not a basis for this
motion, HEB believes that Gibson cannot meet her burden of establishing a
meritorious cause of action for premises liability filed in the underlying suit." 
Because HEB did not move for summary judgment on that ground, we do not
consider it on appeal. 
3. [3]Accordingly, Gibson's reliance on Wembley Inv. Co. v. Herrera, 11 S.W.3d 924
(Tex. 1999), is misplaced. Gibson contends that her lack of knowledge of status of
her case and her missed discovery obligations is analogous to the lack of knowledge
of the default judgment rendered against the defendant building owner in Wembley. 
In that case, however, as required by settled bill-of-review principles, the defendant
sufficiently demonstrated that lack of knowledge that the default judgment had
become final resulted from the failure of the opponent to serve notice of nonsuit and
judgment. Id., 11 S.W.3d at 927-28. Wembley's reasoning does not apply because
HEB had no duty to provide Gibson with notice of its intent to seek death-penalty
sanctions, as addressed above. Similarly, Gibson's lack of knowledge of the status
of her case and impending deadlines resulted from her own attorney's conduct, rather
than any wrongful acts by HEB. 
4. [4]Gibson's reliance on TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913
(Tex. 1991) is misplaced. That case provides that a trial court imposing sanctions on
a misbehaving attorney must directly relate the sanctions to the abuse found. Nothing
in that case imposed a duty on HEB to inform Gibson of any of the proceedings
before seeking death-penalty sanctions against her. 
5. [5]Because Gibson failed to raise a fact issue on element two of her bill-of-review
requirement, we need not address whether she raised a fact issue on element three.