ACCEPTED
05-14-00257-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/5/2015 11:10:46 AM
LISA MATZ
CLERK

# CH CURNUTT & HAFER, LLP

### ATTORNEYS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
3/6/2015 9:12:00 AM
LISA MATZ
Clerk

101 East Park Row | Arlington, Texas 76010 | 817.548.1000 (O) | 817.548.1070 (F) | www.CurnuttHafer.com

**KELLY J. CURNUTT**
DIRECT DIAL - (817) 548-1180
EMAIL – KCurnutt@CurnuttHafer.com

March 5, 2015

**VIA EFILE**
Fifth Court of Appeals
Attn: Lisa Matz, Clerk of the Court
600 Commerce Street, Suite 200
Dallas, Texas 75202

> Re: *Sun Tec Computer Inc., et al. v. The Recovar Group, LLC, et al.;* Case No. 05-14-00257-CV, Fifth Court of Appeals, Dallas, Texas

Dear Ms. Matz:

Following the March 3, 2015 submission by oral argument in the above-referenced cause, Appellants' counsel, Emil Lippe, Jr., filed a post-submission letter brief to the Court asking for leave to file said letter brief. Appellee, Tax Debt Acquisition Company, LLC ("TDAC"), hereby submits its post-submission letter brief and, should the Court grant leave to Appellants to file their post-submission letter brief, TDAC asks for leave to submit this post-submission letter brief in response.

Appellants raise two brand-new arguments in their post-submission brief: (1) that they previously moved for the 2013 case to be consolidated into the 2010 case, and that this somehow precluded the trial court from entering judgment in the 2013 case, despite the fact that the Court never ruled on the motion to consolidate; and (2) that Section 64.052 of the Texas Civil Practice and Remedies Code somehow authorizes Appellants' collateral attack of the turnover order and the receiver's sale in the 2010 case.

As a preliminary matter, TDAC points out that the two arguments raised in Appellants' post-submission brief were not raised in Appellants' Brief. Accordingly, Appellants have waived the arguments they are now making. *See, e.g.*, *Dallas County v. Gonzalez*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied) (holding that issue presented for first time in a reply brief was not properly before the Court); *City of Houston v. Precast Structures, Inc.*, 60 S.W.3d 331, 340 n. 4 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (argument waived where raised for first time in letter brief filed after oral argument); *Tex. Med. Ass'n v. Tex.*



*Workers Comp. Comm'n*, 137 S.W.3d 342, 351 (Tex. App.—Austin 2004, no pet.) (argument waived where asserted during oral argument and in post-submission brief, but not in pre-submission brief); *Green v. Texas Dep't of Protective & Regulatory Servs.*, 25 S.W.3d 213, 210 (Tex. App.—El Paso 2000, no pet.) ("This argument, however, was not raised in Appellant's brief and has therefore been waived.").

Even if the Court were to consider Appellants' two new post-submission arguments, nothing would change the fact that the trial court's judgment should be affirmed. As to the first argument, Appellants contend that they filed a motion to consolidate the 2013 case into the 2010 case prior to the summary judgment ruling in TDAC's favor. *See* C.R. 663-665. Appellants never set that motion for hearing, and they even admit in their post-submission brief that they never obtained a ruling on that motion. As Appellants did not obtain a ruling on their motion, they have waived any error regarding the motion. *See, e.g., McLemore v. Johnston*, 585 S.W.2d 347, 349 (Tex. Civ. App.—Dallas 1979, no writ) ("Appellee's complaint was not ruled upon in the trial court and was therefore waived."); *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 316 (Tex. App.—San Antonio 2000, no pet.) ("a complaint is preserved for appellate review only if the record establishes the complaint was made known to the trial court in a timely manner, and the trial court ruled on the complaint."); *In re C.A.W.P.*, No. 13-12-00382-CV, 2014 Tex. App. LEXIS 9914, at *7 (Tex. App.—Corpus Christi Sept. 4, 2014, pet. denied) (motion that was not ruled upon by the trial court "presents nothing for review").

In their second argument, Appellants contend that Section 64.052 of the Texas Civil Practice and Remedies Code somehow authorizes their collateral attack of the turnover order and the receiver's sale in the 2010 case. Section 64.052 is simply a statute authorizing direct claims against a receiver for damages. Nothing about Section 64.052 authorizes a court to invalidate a turnover order issued by another court, nor authorizes a court to invalidate actions taken by a receiver appointed by another court. This is particularly true where, as here, the receiver was named simply as a "nominal defendant." *See* C.R. 447 ("Defendant Michael Lawrence, Receiver of Sun Tec Computer, Inc., is a nominal defendant only herein, named solely because he was the Court-appointed Receiver for Sun Tec. No relief, other than an injunction and order declaring void his prior assignment of causes of action to TDAC, is being sought against such nominal defendant, and no personal liability is being asserted against him.").

Notably, as stated in *Campbell v. Wood*, 811 S.W.2d 753, 756 (Tex. App.—Houston [1st Dist.] 1991, no writ), a case construing Section 64.052, the First Court of Appeals held:

> A receiver may sue and be sued in a court, other than the court that appointed the receiver, *as long as the second court does not take any action to disturb the possession, control, or management of the property by the receiver*, or that would conflict with any order of the appointing court about its control of the receivership property. [Emphasis added]



Here, of course, Appellants expressly seek to disturb the possession, control, or management of the property by the receiver. Namely, they are trying to unwind the receiver's sale of Sun Tec Computer, Inc.'s causes of action to TDAC, and seek a finding that such causes of action are truly owned by Liberty Tech Computer Worldwide, Inc. *See* C.R. 452-454. As made clear in TDAC's Brief, and during oral argument, such relief is only available to Appellants in the 2010 case, not the present 2013 case. *See Scheel v. Alfaro*, 406 S.W.3d 216, 222 (Tex. App.—San Antonio 2013, pet. denied) ("Appellees contend the trial court had continuing jurisdiction over the receiver's sale and, therefore, it had jurisdiction to set aside the sale. We agree with appellees.").

Simply put, nothing about Appellants' new arguments changes the fact that Appellants are in the wrong case. The judgment of the trial court should be affirmed.

Respectfully,

/s/Kelly J. Curnutt

cc:     Emil Lippe, Jr. *(via e-service)*