ELIZABETH H. SMITH ET AL. V. ELIZABETH MILLER ET AL.

(Case No. 5725.)

1. CHARGE—PLEADING—See opinion for charge of the court held correct under the issues made by the pleading, as set forth in the statement of facts.
2. ESTOPPEL—CHARGE—See opinion for charges on estoppel, held, in view of the facts and other charges given, to have furnished no grounds for complaint.
3. JUDGMENT—SUBSEQUENT ORDERS—When a judgment declares the rights of the respective parties, the court may subsequently direct such process or make such orders as may be necessary to carry its judgment into execution.
4. COSTS—See opinion and facts for costs properly adjudged.

APPEAL from Fannin. Tried below before the Hon. D. H. Scott.

On December 21, 1871, appellee, Elizabeth Miller, and husband, William Miller, brought this suit against William C. Whitsett, E. H. Smith and J. L. Smith, in the district court of Fannin county, alleging

that in February, 1865, William Miller purchased from one James M. Collins a tract of about six hundred acrcres land out of the William Wammock survey, lying in Fannin county; that the contract of purchase was verbal; that Miller agreed to pay Collins $1,500 for the land; that prior to this, he (Miller) was in the employment of Collins, and Collins was, at that date, indebted to him for such services $1.000; that by agreement with Collins this $1,000 went in part payment for the land, and Miller was to pay the remainder in horses when demanded; that shortly after the contract Miller went into possession with his wife, Elizabeth, made valuable improvements and occupied the premises as his homestead; that he still owed $200 of the purchase money, which, with interest, he deposited in court.

The petition charged that Collins refused to make Miller a deed; that on March 27, 1868, Collins, in fraud of Miller's right, conveyed the premises to Whitsett, who, on November 10, 1871, conveyed the premises to E. H. Smith. Plaintiffs prayed for a decree vesting title to the premises in them.

On December 22, 1871, defendants filed their answer with a disclaimer on the part of Whitsett. Defendants, E. H. and J. L. Smith, pleaded general demurrer and general denial. They also filed a cross-petition in which they set up title in Mrs. E. H. Smith, deraigning their title from Collins. They denied having any knowledge of plaintiffs' claim to the land when Mrs. Smith purchased, but specially plead an estoppel against plaintiffs, and charged that in the year 1870, plaintiff, Miller, rented the premises from W. C. Whitsett, who was then the true owner; that in January, 1871, Miller settled with Whitsett for the rent of 1870, and rented the premises from J. L. Smith for 1871, by a written rental contract, which they made part of their answer.

Defendants alleged that in the year 1870, while Miller was a renter of Whitsett, the latter verbally agreed with Mrs. Smith, who was his daughter, to exchange the premises in controversy for a tract of land owned by her; that on January 1, 1871, when J. L. Smith rented the premises to Miller, they informed him of the exchange agreed on between Whitsett and defendants, and, for this reason, Miller rented from J. L. Smith, Mrs. Smith's husband, for the year 1871; that on November 10, 1871, Mrs. Smith, not knowing that Miller laid other claim to the land than as her tenant, consummated her trade with Whitsett by the parties passing to each other deeds for the respective tracts of land. Defendants prayed for a recovery of the premises.

September 15, 1875, plaintiffs filed a replication to the cross-petition of defendants, confessing the renting of the land, but alleging that Miller, before doing so, consulted S. A. Roberts, Esq,, an attorney, who

advised him to settle with Whitsett the best he could, and he acted upon such advice in making the rental contracts; that he subsequently found that Roberts was Whitsett's retained attorney; that when he rented from Whitsett in 1870, Whitsett had promised him that Collins should pay him the money he was owing Miller, and that Collins had never paid it. July 19, 1881, defendants suggested, the death of Miller, and had his children made parties to the suit. August 22, 1882, defendants suggested the death of Whitsett, and his heirs were made co-defendants. August 23, 1882, Whitsett's heirs filed a disclaimer and were dismissed from the suit. August 19, 1885, the case was tried before a jury who found for the plaintiffs for the land in controversy, and for the defendants in the sum of $200 with eight per cent. per annum interest from January 1, 1866. Upon this verdict the court decreed the land to plaintiffs and the money to defendants, but gave no execution for its collection. It simply recited that plaintiffs had deposited with the clerk $442.40, and declared that upon plaintiffs' paying to the clerk the further sum of $71.80, their title to the land should be forever quieted.

All costs of suit were adjudged against defendants.

*Richard B. Semple,* for appellants.

*Lusk & Thurmond,* for appellees, cited: Smith *v.* Miller, 63 Tex., 72.

STAYTON, ASSOCIATE JUSTICE.—This cause has been on two former occasions before this court, and the law applicable to the case, so far as passed upon, upon former appeals, has been settled. The first charge complained of. was not erroneous, and simply informed the jury that the plaintiffs were entitled to recover, if they found the facts alleged in their petition to be true, unless that right was defeated by facts set up in defendants' answer as an estoppel, or by the fact that the defendants were innocent purchasers of the land. This had been declared to be the law of the case by the commission of appeals, in their opinion rendered on May 10, 1880, the cause having been referred to them by consent of parties.

In reference to the estoppel. the court instructed the jury, as follows:

"If you find, from the evidence, under the foregoing instructions, that there was a parol purchase of the land. then you will consider whether or not plaintiffs are estopped from claiming under such purchase, and, in this connection, I charge you that if at the time E. H. and J. L. Smith purchased the land in controversy, on the tenth day of November, 1871, Miller, by leasing, or attempting to purchase,

the land from defendants, with a full knowledge of his rights in the premises, or if he was ignorant of his claim and had not used due diligence to acquire such knowledge, and defendants were, by his acts, induced to purchase the land, or were thereby influenced in making the purchase, then plaintiffs are estopped from claiming the land, except as to Mrs. Miller's homestead rights, hereinafter explained, and if you so find, from the evidence, you will return a verdict for defendants. If, however, you find that W. C. Miller was induced to lease, or attempt to purchase, the land through the fraudulent representations of defendants or W. C. Whitsett, which were known to defendants, or in ignorance of his (Miller's) rights. and that Miller had used ordinary care to obtain a knowledge of his rights in the premises, or that defendants were not influenced or induced to make the purchase by the acts of W. C. Miller, or if W. C. Miller had repudiated his lease from defendants and had set up title in himself, and the defendant, Mrs. E. H. Smith, knew of this fact before her purchase was consummated by the payment of the purchase money and taking the deed, then plaintiffs are not estopped from claiming the land.''

Of this charge appellants have no ground to complain. The controlling question in the case was, whether Mrs. Smith had knowledge of the claim of Miller at the time she received a deed from Whitsett, her father, and at the time she and her husband conveyed to him, in exchange for that in controversy, other lands which belonged to her. There is no assignment of error which calls in question the sufficiency of the evidence to fix notice upon Mrs. Smith and her husband.

The seventh assignment of error complains that the court instructed the jury that notice to Mrs. Smith, or her husband, of the claims of Miller would deprive both of the character of innocent purchasers. If it be the law that notice to the husband. as shown to have been given in this case, would not operate as notice to the wife, the charge complained of could not have operated to her prejudice, for it is shown that she, in fact, had knowledge of the same facts which were brought to the knowledge of her husband, and, under the sixth charge given, there could have been no verdict against her, unless she had notice in person, or unless notice came to her husband under such circumstances as to make notice to him, notice to his wife. That charge was as follows:

''If the land transferred by E. H. and J. L. Smith to W. C. Whitsett in exchange for the land in controversy was the separate property of Mrs. E. H. Smith, and it was intended that this land should be her separate property, then I charge you that in order to affect Mrs. Smith's title it is necessary that notice of W. C. Miller's claim should be brought home to her before her purchase was completed. Notice to

her husband would not be sufficient unless he communicated the same to her before her purchase, or unless he was her agent to purchase this land. If J. L. Smith knew of plaintiffs' claim of ownership before his wife's purchase was completed, and he told her of such claim before her purchase, of if he was acting as her agent in purchasing this land, then his knowledge would constitute notice to her; but, in this connection, I charge you that unless W. C. Miller had renounced and repudiated his lease from defendants at the time such notice was given, then defendants would not be affected thereby."

It is urged that the court erred in assuming in the charge that Smith and wife claimed joint or common interest in the property in controversy. We do not understand that the court assumed this, but if it had, we do not see that it could have prejudiced the appellants, for the same facts would have been necessary to a recovery by the plaintiffs under that assumption as under the assumption that the claim was in the separate right of Mrs. Smith.

Such a matter even upon the question of notice, as before said, could not have affected the rights of the parties; for the facts which were known to the husband of Mrs. Smith were brought to her knowledge, and she would have been bound thereby, whether knowledge by her husband alone would have been notice to her.

The judgment declares the rights of the respective parties, and the court below may at any time direct such process, or make such orders, as may be necessary to carry its judgment into execution. Under the judgment entered, the defendants are entitled to the money paid into court by the plaintiffs, and, for the balance adjudged to them, may have their execution. If the plaintiffs fail to pay, as directed by the court, the sum not on deposit in court, which with that so on deposit will equal the sum adjudged to be due to the defendants, then they may ask and have all necessary orders necessary to their protection.

It was, in effect, held on the former appeals that the evidence was sufficient to establish the verbal sale of the land in controversy to Miller, and we see no reason to doubt its sufficiency. The plaintiffs. or those through whom they claim, had done or offered to do all that the law required of them, and were driven to this action to establish their right to the land, and we see no reason why they should be charged with any part of the costs.

We find no error in the judgment and it will be affirmed.

AFFIRMED

[Opinion delivered April 16, 1886.]