## DICKSON v. CARROLL et al.

### No. 4105.

Court of Civil Appeals of Texas. Amarillo June 14, 1933.

Jos. H. Aynesworth and H. M. Hood, both of Borger, for appellant.

Cook, Smith, Teed, Sturgeon & Wade, of Pampa, for appellees.

MARTIN, Justice.

Some two years ago appellant obtained a judgment in the district court of Hutchinson county against appellees and others. Upon appeal this was affirmed. See Borger Independent School District v. Dickson (Tex. Civ. App.) 52 S.W.(2d) 505, where a full statement of the facts proven and legal issues involved will be found. Writ of error was refused by the Supreme Court. Thereafter execution duly issued from the district court of Hutchinson county and was levied upon the property of appellee Mrs. J. C. Carroll by the sheriff of said county, who was proceeding to sell same in satisfaction of the above-mentioned

1034

judgment when appellees filed a motion under the terms of the recently enacted House Bill No. 231 (Acts 1933, c. 102 [Vernon's Ann. Civ. St. art. 2218b]) to postpone such sale. Appellees' motion was drawn under and in compliance with section 1 of House Bill No. 231 (Vernon's Ann. Civ. St. art. 2218b, § 1), act of the recently adjourned Legislature of the state of Texas, commonly known as the Moratorium Act. By the terms of section 1 of this bill it is provided, in part and in effect, that trial courts may enter an order delaying the sales of real estate under orders of sale and execution in all suits or causes of action "*which are pending*" (italics ours) in such courts upon motion which complies with certain conditions therein set out. The motion filed in this case by appellees complied with the requisites prescribed in said section 1.

To this motion appellant filed an answer vigorously questioning the constitutionality of House Bill No. 231. His contention in this respect will not be further referred to in view of the disposition we make of this case.

The above motion was filed on May 1, 1932, and heard and decided on the same day. Judgment was entered by the trial court for appellees as prayed for. This judgment provided, in part:

"It is therefore ordered, adjudged and decreed by the Court that the defendant Mrs. J. C. Carroll's motion to stay the execution and sale of her property under said execution in the above styled and numbered cause be and the same is hereby granted, and * * *

"It is further decreed and ordered that the sale of said above mentioned property be stayed, postponed and stopped for a period of 180 days from this date."

■ No injunction was prayed for by appellees, and there is no formal order for the issuance of one. The relief authorized by section 1 of the law above mentioned and under which this action was brought applies, in our opinion, to causes "which are pending" in the trial court. The word "pending" means "undecided" or "undisposed of." Hutchens v. Dresser (Tex. Civ. App.) 196 S. W. 969, 971; 3 Words and Phrases, Second Series, page 950; 48 C. J. 781; In re Egan, 24 S. D. 301, 123 N. W. 478; Smalley v. State, 59 Tex. Cr. R. 95, 127 S. W. 225. The order of May 1st above mentioned was entered long subsequent to the adjournment of the term at which the judgment affected by it was obtained. It purported to materially change the legal effect of such judgment in a case not then "pending," but which had been finally decided and disposed of. In the absence of statutory authority, the trial court was without power to enter such an order. 25 Tex. Jur. 521; Arrington v. McDaniel, 119 Tex. 148, 25 S.W. (2d) 295, and authorities there cited. Section 1 of the recently enacted moratorium statute under which appellees' cause of action was brought contains no such authority.

Moreover, the provisions of said section seem to limit the remedy therein prescribed to causes of action involving "a recovery of real property or the foreclosure of liens against real property" for a debt due thereon. The original judgment involved here was for a tort. See report of this case in 52 S.W.(2d) 505. It is unnecessary for us to specifically decide this point, in view of the above holding, but we deem it best to mention it in passing.

If appellees are entitled to any relief, their cause of action apparently must be brought under another section of the above law.

■ The question discussed here is not raised in the original brief of appellant, but it constitutes, we think, fundamental error apparent on the face of the record, of which we must take notice. 3 Tex. Jur. § 117.

The judgment appealed from is, in our opinion, void. The trial court was without jurisdiction to enter it. Under these particular facts, the proper order to make is one reversing and remanding, with instructions to dismiss appellees' cause of action. Fruit Dispatch Co. v. Rainey, 111 Tex. 266, 232 S. W. 281. It is accordingly so ordered.

Reversed and remanded, with instructions.