A. R. SCHWARTZ et al., Relators,

v.

Andrew L. JEFFERSON, Jr., Judge, et al.,
Respondents.

No. B–5011.

Supreme Court of Texas.

March 19, 1975.

District Judge Andrew L. Jefferson, Jr., to grant a legislative continuance of certain post-judgment motions filed in December of 1974 and January of 1975 relating to the enforcement of a judgment entered by Judge Jefferson on December 28, 1973, in the Harris County Court of Domestic Relations Number Two. On January 24, 1974, Judge Jefferson having become Judge of the 208th Criminal District Court, the case was transferred to that court.

The judgment was a divorce decree in favor of relator, Mrs. Barbara Franzheim (now Mrs. Daniel Dror), against respondent, Kenneth Franzheim, terminating their marriage, awarding her custody of and child support for their three children, and adjudicating their rights to title and possession of various properties. No appeal was perfected from this judgment.

Among other things, Mrs. Franzheim was awarded $300,000, with the specific provision that such sum "shall be used by [her] for the construction or purchase of a new residence" for herself and children within the period of one year from the date of the judgment. Mr. Franzheim was awarded the residence previously occupied by the parties, known as the Greentree residence, subject to the right of Mrs. Franzheim "to continue to occupy the Greentree residence for a period of one year from the date of this judgment or until she moves into a new residence whichever occurs first." These provisions of the judgment, and Mrs. Franzheim's failure to vacate the Greentree residence on or before December 28, 1974, give rise to the present post-judgment motions and this mandamus proceeding.

Senator Schwartz did not represent Mrs. Franzheim at the trial or at the entry of the judgment of December 28, 1973. Thereafter, on December 19, 1974, Senator Schwartz filed notice of substitution as one of her attorneys. On the following day, he and other counsel for her filed a Motion to Stay prior orders of the court relating to use of the $300,000 and posses-

Simpson, Morgan & Burwell, Texas City, A. R. Schwartz, Galveston, for relators.

Vinson, Elkins, Searls, Connally & Smith, John B. Holstead, Houston, for respondents.

## MANDAMUS PROCEEDING

DANIEL, Justice.

This is an original mandamus proceeding in which a member of the Texas Legislature, Senator A. R. Schwartz, seeks for himself and his client a writ compelling

sion of the Greentree residence. On December 27, 1974, Kenneth Franzheim filed a motion that Barbara Franzheim Dror and her husband, Daniel Dror, be held in contempt of the prior orders of the court, and on January 1, 1975, Mr. Franzheim filed an Application for Enforcement of Decree of Divorce Dated December 28, 1973.

Judge Jefferson set a hearing on the Motion to Stay and the Motion for Contempt on January 2, 1975, and Senator Schwartz filed a Motion for Continuance of the hearing until 30 days after the adjournment of the Sixty-Fourth Session of the Legislature, based upon the provisions of Article 2168a. At the hearing on January 2, 1975, Judge Jefferson overruled the Motion for Continuance and set all three of the post-judgment motions for hearing on January 17, 1975. Thereupon, this mandamus proceeding was instituted and Judge Jefferson was notified to delay further hearings pending this Court's decision.

The questions are whether the judgment of December 28, 1973, is final, and if so, whether the mandatory provisions of Article 2168a,[1] known as the legislative continuance act, are applicable to motions to stay and motions to enforce a final judgment when applied for by a legislator attorney who was employed after the suit had proceeded to trial and final judgment. The same questions apply to the pending motion for contempt proceedings. Mr. Franzheim alleges numerous grounds of unconstitutionality if the Article is held to encompass hearings on such post-judgment motions in a manner that would delay or deprive him of rights which have been vested by a final judgment.

Article 2168a provides:

"*In all suits,* either civil or criminal, or in matters of probate, *pending* in any

court of this State, and in all matters ancillary to *such suits* which require action by or the attendance of an attorney, including appeals but excluding temporary restraining orders, at any time within thirty (30) days of a date when the Legislature is to be in Session, or at any time the Legislature is in Session, or when the Legislature sits as a Constitutional Convention, it shall be mandatory that the court continue such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party to such cause, is a Member of either branch of the Legislature, and will be or is in actual attendance on a Session of the same. If the member of the Legislature is an attorney for a party to such cause, his affidavit shall contain a declaration that it is his intention to participate actively in the preparation and/or presentation of the case. Where a party to any cause or an attorney for any party to such cause is a Member of the Legislature, his affidavit need not be corroborated. On the filing of such affidavit, the court shall continue the cause until thirty (30) days after the adjournment of the Legislature and such affidavit shall be proof of the necessity for such continuance, and such continuance shall be deemed one of right and shall not be charged against the party receiving such continuance upon any subsequent application for continuance. It is hereby declared to be the intention of the Legislature that the provisions of this Section shall be deemed mandatory and not discretionary.

"*Notwithstanding the foregoing, the right to such continuance, where such continuance is based upon an attorney in such cause being a member of the Legislature, shall be discretionary with the Court in the following situations and un-*

---

1. Unless otherwise noted, all statutory references are to Vernon's Annotated Texas Statutes, and all references to Rules are to the Texas Rules of Civil Procedure.

der the following circumstances, and none other, to wit:

"(1) Where such attorney was employed within 10 days of the date such suit is set for trial." [2]

We hold that the suit between Mrs. and Mrs. Franzheim had been terminated by a trial and final judgment prior to the legislator's employment; that Mrs. Franzheim's post-judgment Motion to Stay and Mr. Franzheim's Motion to Enforce relate solely to the enforcement of the judgment and are not ancillary to any pending suit and are not separate pending suits within the scope of Article 2168a; and that the petition for mandamus should be denied insofar as it relates to those two motions. As to the contempt proceeding, we hold it is in the nature of a separate suit filed after the employment of the legislator attorney; that the hearing thereon should have been continued in accordance with Article 2168a; and that relators are entitled to a writ of mandamus to compel a continuance of the hearing thereon.

■ Respondent Franzheim contends that the Motion for Continuance is fatally defective because it does not comply with Rule 254. This contention is overruled. The motion complies with the form prescribed by the statute, which controls over a prior inconsistent Rule, and which specifically repealed Rules inconsistent therewith.[3]

■ Our holding that Article 2168a is applicable to the constructive contempt proceeding is based upon the fact that it has all of the elements of a separate cause or suit. Even though related to the enforcement of the judgment and subsequent implementing orders, the contempt proceeding initiated by Mr. Franzheim on December 27, 1974, seeks additional relief in the form of penalties and punishment. Such

proceedings have been held to be criminal in nature, requiring a show cause order or verified complaint, notice, and hearing in open court. Ex parte Winfree, 153 Tex. 12, 263 S.W.2d 154 (1953); Ex parte Scott, 133 Tex. 1, 10, 123 S.W.2d 306, 311 (1939); Ex parte Hill, 122 Tex. 80, 52 S. W.2d 367 (1932). The proceeding has been termed a "trial." Ex parte Davis, 161 Tex. 561, 564, 344 S.W.2d 153, 155 (1961); Ex parte Holden, 144 Tex. 295, 296, 190 S.W.2d 485, 486 (1945); Ex parte Hill, 122 Tex. 80, 81, 52 S.W.2d 367, 368 (1932). Since it is a pending "suit," which was filed after the legislator's employment, Article 2168a provides for the mandatory continuance thereof. Such continuance will not deprive Mr. Franzheim of any property rights which have been vested by the judgment. Neither will it deprive Judge Jefferson of other means of enforcing the judgment. Under the facts of this case, there are no constitutional impediments to such continuance, because there has been no showing that the contempt proceeding is necessary for the enforcement of the judgment of December 28, 1973.

■ We hold differently with reference to continuance of hearings on the Motion to Stay and the Motion to Enforce the judgment because they relate alone to the enforcement of the final judgment; they are not ancillary to any pending suit and do not constitute separate pending suits within the meaning of Article 2168a. The Legislature has avoided the constitutional questions raised with reference to these motions by limiting the application of Article 2168a to the continuance of "suits . . . pending in any court of this State, and in all matters ancillary to such suits . . . ." A suit is no longer "pending" within the meaning of Article 2168a after it has proceeded to a

---

2. Emphasis added unless otherwise noted.

3. Tex.Laws 1973, Ch. 428, pp. 1130–1131. See Article V, Sec. 25, Texas Constitution,

Vernon's Ann.St. and Few v. Charter Oak Fire Ins. Co., 463 S.W.2d 424 (Tex.1971).

final judgment from which no appeal was perfected. See Ex parte Lohmuller, 103 Tex. 474, 129 S.W. 834 (1910); Dickson v. Carroll, 61 S.W.2d 1033 (Tex.Civ.App. 1933, no writ); 1 Am.Jur.2d Actions § 91 (1962); 70 C.J.S. Pending p. 421 (1951); Black's Law Dictionary 1291 (Rev. 4th ed. 1968). Even the broad definition of a "suit" in National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021 (1943), as "any proceeding in a court of justice by which an individual pursues that remedy in a court of justice which the law affords him" was applied in that case to a pending cause of action. The case did not involve enforcement of a remedy after it had been pursued to final judgment.

In every version of Article 2168a enacted prior to 1973, provisions for legislative continuances were confined to "suits pending." [4] The references to suits, trials, and causes were particularly noted by this Court in Ramsey v. Gardner, 154 Tex. 457, 279 S.W.2d 584 (1955), in which the statute was held to be inapplicable to a proceeding to perpetuate testimony, and in Shumard v. Scanlan, 163 Tex. 306, 346 S.W.2d 595 (1961), which held that the Article applied only to the continuation of "suits" and did not apply to the taking of depositions in a pending suit. The re-enactment in 1973, as quoted above, retained its limitation to "suits . . . pending," and added "and in all matters ancillary to *such suits* which require action by or the attendance of an attorney, including appeals but excluding temporary restraining orders," obviously extending the act to depositions and other ancillary proceedings in pending suits. Further, a provision was added making continuances under the statute discretionary rather than mandatory if "such attorney was employed within 10 days of the date *such suit* is set for trial." The latter provision was applied by this Court in upholding the denial of a legislative continuance in DeVries v. Taylor, 505 S.W.2d 780 (Tex.1973).

Article 2168a, as amended in 1941, was held to require a continuance of a pending criminal suit upon motion of a legislator attorney in Mora v. Ferguson, 145 Tex. 498, 199 S.W.2d 759 (1947). A similar holding with reference to a *pending* civil suit was made in Government Services Insurance Underwriters v. Jones, 368 S.W.2d 560 (Tex.1963), wherein the 1949 enactment of the Article was held, under the facts in that case, not to be a violation of the separation of powers provisions of Article II, Sec. 1 of the Texas Constitution. Neither of these cases involved any delay or interference with the inherent power of a court to enforce its final judgments. Furthermore, in the latter case this Court specifically noted that the application of Article 2168a was not challenged as denying due process or equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States or Article I, Secs. 13 and 19 of the Texas Constitution. This *caveat* is significant in that both the Court and Legislature have apparently recognized that the act has not yet been subjected to constitutional tests which might arise under fact situations where a mandatory continuance would itself cause a deprivation of existing rights or emergency provisional remedies. See Thurmond v. Superior Court, 66 Cal.2d 836, 59 Cal.Rptr. 273, 427 P.2d 985 (1967); A. B. C. Business Forms, Inc. v. Spaet, 201 So.2d 890 (Fla. 1967); and Note, 42 Tex.L.Rev. 391 (1964).

■ We are convinced that delay or deprivation of rights vested by a final judgment was not intended by the Legislature. It is perhaps for that reason that the Legislature has not attempted to extend Article 2168a beyond pending suits and matters ancillary to such pending suits. There is nothing in the statute to indicate that it was intended to apply to post-judgment procedures which relate only to the enforcement of final judgments in suits

4. Tex.Laws 1929, Ch. 7, p. 17; Tex.Laws 1941, Ch. 56, pp. 69–70; Tex.Laws 1949, Ch. 569, p. 1111.

which are no longer pending on trial or appeal.

An interpretation or provision to the contrary could result in serious constitutional conflicts with powers vested in the judicial branch relating to enforcement of judgments. The inherent power of district courts to enforce their judgments has been given constitutional and statutory recognition. Article V, Sec. 8, Texas Constitution, provides: " . . . said court and the judges thereof, shall have power to issue writs of habeas corpus, mandamus, . . . and all writs necessary to enforce their jurisdiction." Article 1911a provides: "A court possesses inherently all powers necessary for . . . the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. . . . " See Milam County Oil Mill Co. v. Bass, 106 Tex. 260, 163 S.W. 577 (1914); Smith v. Miller, 66 Tex. 74, 17 S. W. 399 (1886); Hunt Production Co. v. Burrage, 104 S.W.2d 84, 87 (Tex.Civ.App. 1937, writ dism'd).

Even if a continuance was compelled on all of the present post-judgment motions, it would have no effect upon the power of the trial court to enforce its judgment through process executed by the court or its officers. If there is cause to prevent or delay this execution, that relief must be pursued and proof made according to the law which applies to all; it cannot be pleaded and set for hearing and then the affirmative relief obtained solely by virtue of Article 2168a during the time the Legislature is in session and for thirty days thereafter. Like any other continuance of a proceeding in which affirmative relief is sought, a continuance under Article 2168a does not require that all judicial process be stalled during the delay; neither does it permit affirmative relief to be given without a showing of the same entitlement thereto as required of any other party.

Applying what has been said to the facts in this case, we find that the judgment rendered by Judge Jefferson on December 28, 1973 from which no appeal was perfected, has long since become final. This is true even though portions of the judgment with respect to property were to be performed by the parties in the future, and even though the trial court has the power under Section 14.08, Texas Family Code, V.T.C.A. (formerly Article 4639a), to modify or change the provisions relating to custody and support of minor children under certain circumstances. Property adjudications in a divorce decree become final the same as in other judgments relating to title and possession of property. Richardson v. Milner, 345 S.W.2d 449 (Tex.Civ.App.1961, writ ref. n.r.e.); Martinez v. Guajardo, 464 S.W.2d 944 (Tex. Civ.App.1971, no writ); Cocke v. Cocke, 382 S.W.2d 789 (Tex.Civ.App.1964, no writ); Rudberg, Enforcing Divorce Judgments and Property Settlement Agreements in Texas, 5 Texas Tech.L.Rev. 645 (1974).

The judgment of December 28, 1973, awarded to Mrs. Franzheim various listed real and personal properties, including approximately $1,300,000 in cash and certificates of deposit. Mr. Franzheim was awarded title to all other properties, including the Greentree residence and its furnishings. His possession of the Greentree residence was postponed by the following provision of the judgment:

" . . . that Petitioner [Barbara Franzheim] shall have the right to continue to occupy the Greentree residence for a period of one year from the date of this judgment or until she moves into a new residence whichever occurs first. During said period Petitioner shall obtain and establish a separate residence for herself and the above named children."

As heretofore indicated, of the cash sums awarded to Mrs. Franzheim, $300,000

was ordered to be paid to her by Mr. Franzheim on or before June 1, 1974, with the specific provision that such sum "shall be used by Petitioner [Mrs. Franzheim] for the construction or purchase of a new residence for Petitioner and the above named children."[5] After the judgment of December 28, 1973, orders were entered by Judge Jefferson relating to implementation and enforcement of these particular provisions of the judgment. On motion of Mr. Franzheim, filed May 24, 1974, he was permitted and directed to pay the $300,000 into the registry of the court by May 31, 1974.[6] By order entered June 18, 1974, on motion of Mrs. Franzheim, she was allowed to withdraw these funds and invest them and earnings therefrom in Treasury Notes to be held for the benefit of herself and children under a trust agreement with Texas Commerce Bank, which provided for payment of same to Mrs. Franzheim upon order of the court. Upon her subsequent application, the court entered an agreed order on November 11, 1974, directing that payment of such funds by made to Mrs. Franzheim for the purpose of purchasing, improving and furnishing a homestead, designated by her at 1412 North Boulevard, Houston.[7]

Relators contend that the judgment of December 28, 1973, is not final as to Mr. Franzheim's right of title to the Greentree residence and possession thereof on or before December 28, 1974, citing as evidence thereof the subsequent orders of Judge Jefferson relating to the $300,000 and possession of the residence, and asserting that the trial court has continuously reserved the right to alter its original property division and has not yet given up that right. We disagree. The judgment of December 28, 1973, clearly awarded Mr. Franzheim title to the Greentree residence, subject only to possession thereof by Mrs. Franzheim for one year and subject to her second lien on the residence to secure payment of the $300,000 by Mr. Franzheim. After that judgment became final, Judge Jefferson had no authority to change its provisions relating to the property adjudication. He did have the authority, however, to make orders necessary to carry the judgment into execution in a manner which was consistent with the provisions and finality of the judgment. Hargrove v. Insurance Investment Corporation, 142 Tex. 111, 176 S.W.2d 744, 747 (1944); Ex parte Lohmuller, 103 Tex. 474, 129 S.W. 834 (1910). Judge Jefferson's subsequent orders relating to the $300,000 and the Greentree residence were substantially consistent with the judgment of December 28, 1973. There were no objections to or challenges of such orders by either party to the original judgment.

5. The judgment further provided: "The payment of said sum shall be secured by a second lien deed of trust on the Greentree residence to be executed and delivered by Respondent on or before June 1, 1974."

6. This order, entered on June 17, 1974, recited that the payment was "for the benefit of Barbara Franzheim . . . which sum shall be held in the registry of the Court pending further orders of the Court and that the payment . . . shall place said Respondent in full and complete compliance with all the provisions of the Decree of Divorce dated December 28, 1973 which relate to said $300,000 sum." The order reiterated the terms of the judgment as to the purpose and use of such funds and possession of the house, providing in part as follows:

"ORDERED, ADJUDGED and DECREED that the Petitioner, Barbara Franzheim, and the three children named above must remove themselves and all their belongings from the residence they presently occupy at 5143 Greentree Street, Houston, Harris County, Texas, on or before 12:00 P.M. on December 28, 1974, and the possession and control of said residence shall be delivered to the Respondent, Kenneth Franzheim, by the said Petitioner immediately upon her vacation of said premises."

7. This order, as to possession of the Greentree residence, provided:

"ORDERED that Barbara Lynn Franzheim Dror, her children, Pamela Franzheim, Sabrina Franzheim and Melita Franzheim, her present husband, Daniel Dror, and all persons acting for or in her behalf, shall vacate the residence at 5143 Greentree on or before December 28, 1974."

Relators further contend that the judgment of December 28, 1973, is not final because they have filed, since the institution of this mandamus proceeding, a bill of review "attacking the entire property judgment and orders of the Court thereon." This contention is overruled, because an equitable bill of review presumes the existence of a judgment which has become final by reason of the expiration of periods allowed for appeal. Rule 329b(5); 4 McDonald, Texas Civil Practice, § 18.24 (1971). By its very nature, a bill of review is a separate suit seeking to set aside a judgment which has become final. Sedgwick v. Kirby Lumber Co., 130 Tex. 163, 107 S.W.2d 358 (1937); Green v. Green, 288 S.W. 406 (Tex.Comm.App.1926, judgm't approved); Gregory v. Lytton, 422 S.W.2d 586 (Tex.Civ.App.1967, writ ref. n. r. e.). The mere filing of a bill of review does not affect the finality of the judgment which is sought to be set aside.

No copy of the above mentioned bill of review was on file in this proceeding when oral arguments were heard on February 5, 1975. On March 10, after this opinion was under consideration by the Court in conference, relators filed a Supplemental Petition for Writ of Mandamus to which was attached a copy of a Petition for Bill of Review filed in the Harris County Court of Domestic Relations Number Two on February 10, 1975. Also attached was a copy of a Motion to Consolidate therewith the post-judgment motions on file in Judge Jefferson's 208th Criminal District Court, which are the subject of this mandamus proceeding. In their supplemental petition of March 10, relators request that our decision in this proceeding be delayed until after March 28, 1975, the date on which the Motion to Consolidate is set for hearing. After careful consideration, we conclude that further delay in handing down this opinion would be unwarranted and unfair to the parties and to the courts below. Pending our decision, trial courts properly defer action on matters involved in mandamus proceedings before this Court. Judge Jefferson has deferred further proceedings on these post-judgment motions in his court, and we must assume that the Judge of the Court of Domestic Relations will do likewise. Both are entitled to have our decision on the questions initiated by relators in this proceeding before acting upon relators' new motions affecting the same subject matter.

Accordingly, the relators' petition for writ of mandamus is granted insofar as it relates to the continuance of the trial of the contempt proceeding, and in all other respects it is denied.

We assume that Judge Jefferson will grant the continuance of the contempt proceeding. A writ will issue only if he does not do so.