NO. 12-01-00270-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


RAFAEL VASQUEZ,
§
 APPEAL FROM THE THIRD

APPELLANT



V.
§
 JUDICIAL DISTRICT COURT OF


TEXAS DEPARTMENT OF

CRIMINAL JUSTICE,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

PER CURIAM


 Rafael Vasquez ("Appellant"), an inmate in the Texas Department of Criminal Justice
("TDCJ"), proceeding pro se, filed an in forma pauperis petition seeking findings of fact and
conclusions of law declaring him disabled under the Americans with Disabilities Act ("A.D.A."). (1) 
The trial court dismissed Appellant's action pursuant to Chapter 14 of the Texas Civil Practice &
Remedies Code. Appellant raises one issue on appeal. We affirm.

 

Background

 Appellant filed a petition of self-declaration in the trial court requesting that the court review
his petition and issue findings of fact and conclusions of law endorsing Appellant's declaration that
he is disabled. On September 5, 2001, finding that Appellant's claim was "frivolous or malicious,"
trial court signed an order dismissing Appellant's petition pursuant to Chapter 14 of the Texas Civil
Practice and Remedies Code.


Dismissal Pursuant to Texas Civil

Practice and Remedies Code Chapter 14

 Appellant argues that the trial court's dismissal was improper. We review the trial court's
dismissal of an in forma pauperis suit under an abuse of discretion standard. Hickson v. Moya, 926
S.W.2d 397, 398 (Tex. App.-Waco 1996, no writ). A trial court abuses its discretion if it acts
arbitrarily, capriciously and without reference to any guiding rules or principles. Lentworth v.
Trahan, 981 S.W.2d 720, 722 (Tex. App.-Houston [1st Dist.] 1998, no pet.). We will affirm a
dismissal if it was proper under any legal theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706-07
(Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.-Waco 1991, writ denied). The trial
courts are given broad discretion to determine whether a case should be dismissed because: (1)
prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma
pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue
to the benefit of state officials, courts, and meritorious claimants. See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.-Tyler 1994, no writ).

 Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. (2) 
Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon Supp. 2002); Hickson, 926 S.W.2d at 398. 
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann. §
14.003(a)(2) (Vernon Supp. 2002). In determining whether a claim is frivolous or malicious, a trial
court may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the "same operative facts." Id. at § 14.003(b)(4). To enable a trial
court to determine whether the suit is substantially similar to a previous one, an inmate is required
to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought
and stating the "operative facts" upon which relief was sought. Id. at § 14.004(a)(2)(A).

 Appellant argues that what he filed was not a suit, and thus, Chapter 14 of the Civil Practice
and Remedies Code is inapplicable. See Id. at § 14.002(a). A "suit" has been defined as "any
proceeding in a court of justice by which an individual pursues that remedy in a court of justice
which the law affords him." See, e.g., Schwartz v. Jefferson, 520 S.W.2d 881, 886 (Tex. 1975),
citing National Life Co. v. Rice, 167 S.W.2d 1021, 1023 (Tex. 1943). Appellant cites to definitions
of "suit" in Black's Law Dictionary, contending that in order for a proceeding to be a "suit," it must
be adversarial. In light of the definition of "suit" set forth in Schwartz and Rice, and considering
that Appellant has not cited any Texas case adopting his narrower interpretation of the word "suit,"
we decline to adopt Appellant's position. Appellant filed a petition in district court seeking a
judicial declaration through findings of fact and conclusions of law that he was disabled. (3) Thus, we
hold that the proceeding instigated by Appellant was a "suit" as that term is used in Texas Civil
Practice and Remedies Code chapter 14. 

 Turning to the dismissal of Appellant's suit, when an inmate files an affidavit or declaration
which fails to comply with the requirements of section 14.004, "the trial court is entitled to assume
that the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." 
Bell v. Texas Dep't. of Criminal Justice - Inst. Div., 962 S.W.2d 156 158 (Tex. App.-Houston
[14th Dist.] 1998, pet. denied). A declaration that does not set forth the requisite details about
previous lawsuits filed by that inmate, even if the only detail is that no previous lawsuits have been
filed, does not comport with the requirements of section 14.004. Our review of the record reveals
that Appellant has filed no document outlining the previous lawsuits, if any, filed by Appellant. 
Therefore, we hold that the trial court did not abuse its discretion when it dismissed Appellant's suit. 
Appellant's sole issue is overruled.

 Accordingly, the trial court's order dismissing Appellant's petition is affirmed.

Opinion delivered March 28, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


(DO NOT PUBLISH)
1. See 42 U.S.C.A. 12101 et. seq. (West 1995 and Supp. 2000).
2. Chapter 14 does not apply to suits brought under the Family Code. Tex. Civ. Prac. & Rem. Code Ann. §
14.002(b) (Vernon Supp. 2002).
3. We note that the document Appellant filed was entitled "Petitioner's Self Declaration." While Plaintiff's pleading
is not designated a "petition" in the traditional sense, we look to the substance of a plea for relief to determine the
nature of the pleading, not merely at the form of title given to it. See State Bar v. Heard, 603 S.W.2d 829, 833 (Tex.
1980).