Dismissed and Memorandum Opinion filed March 15, 2007








Dismissed
and Memorandum Opinion filed March 15, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00114-CV

____________

 

MARC HOSKINS,
Appellant

 

V.

 

THE STATE OF TEXAS AND CITY OF
GALVESTON, Appellees

 



 

On Appeal from the 10th District Court

Galveston County,
Texas

Trial Court Cause No.
06CV0669

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a quo warranto proceeding
and, as such, it is accelerated.  See Tex. R. App. P. 28.2.  In an accelerated appeal, the notice of
appeal must be filed within twenty days after the judgment is signed.  See
Tex. R. App. P. 26.1 (b). 
The judgment
was signed November 21, 2006.  Accordingly, the notice of appeal was due December 11, 2006.   No notice of
appeal was filed on or before that date.  A motion for new trial was filed December 13, 2006, but
filing a motion for new trial will not extend the time to perfect an appeal in
a quo warranto proceeding.  See Tex.
R. App. P. 28.2.  See
In re K.A.F., 160 S.W.3d 923, 926 (Tex. 2005).  Appellant=s notice of appeal was
filed February 6, 2007. 








Appellant=s notice of appeal was not filed timely. 
A motion for extension of time is necessarily implied when an appellant, acting
in good faith, files a notice of appeal beyond the time allowed by rule 26.1,
but within the fifteen-day grace period provided by Rule 26.3 for filing a
motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615,
617-18 9 (1997) (construing the predecessor to Rule 26).  Appellant=s notice of appeal
was not filed within the fifteen-day period provided by Rule 26.3.

On February 15, 2007, appellees filed a motion to dismiss
the appeal for lack of jurisdiction and a motion for expedited consideration of
that motion.  On February 20, 2007, notification was transmitted to all parties
of the Court=s intent to dismiss the appeal for want of
jurisdiction.  See Tex. R. App.
P. 42.3(a). Appellant did not file a response.  The record conclusively
demonstrates that this court lacks jurisdiction over this appeal and any
response would be futile.  

After the court announced its intention to dismiss for lack
of jurisdiction, appellant filed a motion for legislative continuance.  The
motion does not satisfy the statutory requirements.   See Tex. Civ. Prac. & Rem. Code ' 30.003(e).  Moreover,   because no appeal was timely
perfected, section 30.003 does not apply.  See Schwartz v. Jefferson,
520 S.W.2d 881 (Tex. 1975) (the statute did not apply where no timely appeal
was perfected).  Accordingly, the motion for legislative continuance is
denied.

This court may dismiss the appeal on its own initiative for
want of jurisdiction.  Because the record demonstrates conclusively that this
Court does not have  jurisdiction to entertain the appeal, the appeal is
ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed March 15, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.