**J. Lee STANSBURY, Appellant,**

v.

**C. Jim HICKS et al., Appellees.**

**No. 16672.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 22, 1965.

Henry & Hatcher, Stark & Davey, and Gregory L. Underwood, Gainesville, for appellant.

Bill Granger, Oklahoma City, Okl., Gerald E. Stockard, Denton, for appellees.

MASSEY, Chief Justice.

It is to be observed in 33 Tex.Jur.2d 643, "Judgments", § 122, "Where some of several defendants default", that where there are several defendants, some of whom have answered or have not been duly served and some of whom have been duly served and have made default, an interlocutory judgment by default may be entered against those who have made default, and the cause may proceed or be postponed as to the others. Further, that proper practice is to enter an interlocutory judgment against those in default, so that the case would be finally disposed of in a trial on the issues presented by those who appeared, and on the conclusion of the case as to the co-defendants the default judgment is made final.

In a suit filed by J. Lee Stansbury against C. Jim Hicks and Luther C. Sallee et al. in 1961 this is what occurred. On June 3, 1963, plaintiff took an interlocutory judgment against the latter named parties and also against Roy C. Ridgway and United Engineering, Inc., all of whom had apparently defaulted, leaving for trial on the merits the cause of action alleged against the single co-defendant contesting the suit, one Jack Stansbury. Trial of the cause as against Jack Stansbury proceeded on June 3, 1963, and was concluded on or before June 6, 1963. The trial judge announced but did not then enter judgment which acquitted Jack Stansbury of all liability alleged. A judgment to that effect was not signed and entered until January 21, 1965.

Before the occurrence of said events on January 21, 1965, to-wit: on October 17, 1963, Hicks and Sallee had filed a new suit under a separate number and by their petition, in the nature of a Bill of Review, had sought equitable relief against J. Lee Stansbury. Therein they attacked the interlocutory judgment of June 3, 1963. They were present in court on January 21, 1965, along with the attorneys who had represented the two Stansburys in the suit tried in June of 1963. No one was present in representation of Roy C. Ridgway or United Engineering, Inc., neither of whom had been made parties to the Bill of Review.

■ Immediately following the signing of the judgment on January 21, 1965 (in the cause J. Lee Stansbury had filed in 1961, in which the interlocutory judgment had been entered in 1963) the trial judge overruled a plea in abatement for want of necessary parties. He proceeded to hear evidence upon the Bill of Review. The hearing was recessed and not completed until February 25, 1965, on which date the court entered a judgment. In the period between January 21, 1965, and February 25, 1965, no motion for new trial was filed under the number of the cause of action originally filed by J. Lee Stansbury. In other words more than thirty days expired in that cause after judgment was entered. Thus the judgment became final and appealable. No appeal was taken therefrom.

However in the separate judgment entered by the court on the Bill of Review it was first decreed that the "default" judgment against Hicks and Sallee (in the other case) should be set aside and held for naught. In the body of the judgment was a recitation that the court was of the opinion that the original cause filed by J. Lee Stansbury should be and was consolidated with the suit in the nature of a Bill of Review. Furthermore the judgment recited that after evidence was heard, etc. the court was of the opinion and did therefore decree that J. Lee Stansbury should take nothing of any of the defendants against whom he had brought his suit in 1961. Judgment to this effect was entered on February 25, 1965.

■ We are of the opinion that the Plea in Abatement of J. Lee Stansbury should have been sustained. All the parties interested in the subject matter of the Bill of Review were not joined as parties to the proceeding. We are thereto confined. The order purporting to consolidate

said proceedings with the antecedent proceeding in which judgment was rendered against all parties (culminating in entry of judgment disposing of the claim against Jack Stansbury) on January 21, 1965, had no force and effect. That antecedent proceeding ceased to be a pending cause thirty days after judgment therein was entered. A pending cause may not be joined with another cause in which a judgment has become final. The trial court loses jurisdiction of the cause when the judgment becomes final. The subject matter of such a cause can only be reached by an equitable proceeding. When relief to be obtained is necessarily predicated upon an independent equitable proceeding attacking a judgment, the judgment under attack cannot be revised unless and until all the parties interested in the subject matter of the suit are made parties thereto. Sedgwick v. Kirby Lumber Co., 130 Tex. 163, 107 S.W.2d 358 (1937). It is final and not temporary relief with which the court is concerned in such a proceeding.

Judgment is reversed and the cause remanded.