**CHRISTUS HEALTH SOUTHEAST TEXAS d/b/a Christus St. Mary Hospital, Appellant,**

v.

**Daniel Lee GRIFFIN, Individually and as Executor of the Estate of Patricia Ruth Griffin, Deceased, et al., Appellees.**

No. 09–05–103 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 23, 2005.

Decided Oct. 20, 2005.

On Appeal from the 60th District Court, Jefferson County, Texas, Trial Cause No. B–167,158.[1]

John B. Wallace, Barker, Lyman, Twining, Weinberg & Ferrell, P.C., Houston, for appellant.

B. Adam Terrell, Weller, Green, Toups & Terrell, LLP, Beaumont, for appellees.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Christus Health Southeast Texas d/b/a Christus St. Mary Hospital ("St. Mary") prosecutes this interlocutory appeal based upon the trial court's denial of a motion to dismiss filed by St. Mary in the course of a bill of review action. Because the law applicable to the record facts and to the procedural circumstances does not allow for St. Mary to proceed with an interlocutory appeal, we dismiss the appeal for lack of appellate jurisdiction and remand the cause to the trial court for further proceedings.

## BACKGROUND

On May 6, 2002, plaintiffs, Daniel Lee Griffin, individually, and as executor of the estate of Patricia Ruth Griffin, deceased, et al. ("Griffin") filed an original petition in the 172nd District Court, Jefferson

---

1. There is some confusion in the record as to the proper cause number of the February 25, 2005, order being appealed by St. Mary. Regardless of the proper cause number of the February 25, 2005, order, the record is clear that both the underlying health care liability action and the bill of review action are currently pending in the 60th District Court of Jefferson County, Texas. We use "B–167,-158" as the cause number of the February 25, 2005, order because that is what is represented in the consolidation number signed by the presiding judge of the 60th District Court.

County, Texas, cause number E–167,158. The original petition raised a number of health care liability claims, as defined in the Medical Liability and Insurance Improvement Act ("MLIIA"),[2] against St. Mary, as well as against two named physicians and Life Share Blood Centers. In support of his claims, Griffin, on October 23, 2002, timely filed an expert report pursuant to section 13.01(d) of the MLIIA. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Supp.2003). Thereafter, on June 9, 2003, St. Mary filed a motion to dismiss based upon section 13.01(e) of article 4590i alleging that Griffin's expert report wholly failed to qualify as an expert report against St. Mary. Specifically, St. Mary contended that Griffin's expert report did not satisfy the statutory requirements of section 13.01(r)(6), thereby requiring dismissal of all claims against St. Mary.

Griffin's June 20, 2003, response to this motion to dismiss contended that his expert's report met the expert report requirements of article 4590i, and demonstrated health care liability claims against St. Mary. *See* art. 4590i, § 13.01(r)(5)(6). Additionally, Griffin requested a thirty-day grace period in which to provide an amended expert report should the trial court find the report deficient as to St. Mary. *See* art. 4590i, § 13.01(g); *see generally Walker v. Gutierrez*, 111 S.W.3d 56, 60–62 (Tex.2003).

Approximately twelve days later, on July 1, 2003, the trial court granted St. Mary's motion, and dismissed Griffin's suit "with prejudice" only as to St. Mary. The rest of the defendants remained in Griffin's suit. On July 15, 2003, St. Mary filed a motion for severance which was granted by the trial court. The severance order permitted the trial court's prior order dismissing St. Mary to become final. The severance order was signed by the trial court on August 15, 2003. A motion for new trial filed by Griffin was apparently denied by operation of law. Docket sheet entries indicate that Griffin's health care liability claims against the remaining defendants apparently were transferred from the 172nd District Court to the 58th District Court of Jefferson County, and finally transferred to the 60th District Court, also in Jefferson County. It appears that the cause is still pending in the 60th District Court under cause number, "B–167,158."

On June 18, 2004, a little over ten months after the severance order was signed, Griffin filed an original petition for bill of review in the 172nd District Court of Jefferson County, under cause number E–172,759, with St. Mary being the only named defendant. In his bill of review, Griffin alleged he was precluded from filing an adequate expert report as to St. Mary's medical negligence due to certain "fraudulent and wrongful acts" on the part of St. Mary. Appended to the bill of review were various exhibits ranging from deposition excerpts to discovery responses. On August 25, 2004, St. Mary filed a motion for summary judgment contending that Griffin's bill of review had no merit because he did not prove what "fraudulent or wrongful act" St. Mary had committed.

---

**2.** *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01, 1995 Tex. Gen. Laws 985, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, § 10.09, 2003 Tex. Gen. Laws 847, 864–82, 884 (current version at TEX. CIV. PRAC. & REM.CODE ANN. §§ 74.001—74.507 (Vernon 2005)) (formerly found at TEX.REV.CIV. STAT. ANN. art. 4590i (Vernon Supp.2003)). Griffin filed his suit on a health care liability claim before the 2003 repeal of article 4590i; therefore, all of Griffin's health care liability claims are governed by the provisions of article 4590i in effect at that time. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), Tex. Gen. Laws 847, 899.

On October 22, 2004, Griffin filed his response to St. Mary's motion for summary judgment. On November 8, 2004, St. Mary filed a first amended answer to Griffin's bill of review in which St. Mary asserted for the first time the affirmative defense of statute of limitations "as set forth in TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 [ (Vernon Supp.2003) ] and pursuant to Texas case law." On November 16, 2004, Griffin filed a supplemental response to St. Mary's motion for summary judgment attaching a number of exhibits which appear to have been obtained through the discovery process in the medical malpractice suit (Cause Number B–167,158).[3]

Shortly thereafter, on December 13, 2004, the bill of review action appeared to be placed in an entirely new light by St. Mary upon its filing of an instrument entitled, "Motion To Dismiss For Failure To File An Expert Report Under Section 74.351." Filed slightly more than one month from the filing of its amended answer, which invoked certain provisions of article 4590i as authority for relief in the bill of review action, St. Mary's dismissal motion of December 13, 2004, depicted the background and authority for its position in the following manner:

I. Background:

This case is a health care liability suit, filed by Plaintiffs as a bill of review on June 19, 2004. On December 1, 2004, Defendant received a faxed letter dated November 29, 2004, from Plaintiffs' Counsel serving the expert report of Dr. Robert Rubin on Defendant. Please see Plaintiff's Notice of Filing Expert Report, attached hereto as Exhibit "A".

II. Plaintiffs have not timely filed their expert report:

A bill of review is an independent cause of action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to a motion for new trial. *McEwen v. Harrison,* 162 Tex. 125, 131–32, 345 S.W.2d 706, 709–10 (1961); *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979). As such, this lawsuit is governed by the Texas Medical Liability Act Chapter 74.

In all health care liability claims, the plaintiff, or his or her attorney shall, not later than the 120th day after the date the claim was filed, serve on each party an expert report with a curriculum vitae of each expert listed in the report. § 74.351(a), TEX. CIV. PRACT. [sic] & REM. CODE. The report must provide a fair summary of the expert's opinions regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed. § 74.351(r)(6), TEX. CIV. PRACT. [sic] & REM.CODE.

In its motion to dismiss and its reply to Griffin's response, St. Mary took the position that the provisions of TEX. CIV. PRAC. & REM.CODE ANN. §§ 74.001—74.507 (Vernon 2005) ("Chapter 74") applied to Griffin's bill of review as it was filed after the provisions of Chapter 74 took effect (September 1, 2003), and, specifically, because a bill of review is "a new and independent lawsuit." This would require Griffin to comply with the provisions in Chapter 74 by providing St. Mary with an expert report within the mandated 120–day period. St. Mary's motion to dismiss was denied by the trial court on February 25, 2005.

**3.** St. Mary's motion for summary judgment against the bill of review was eventually de- nied without explanation on March 23, 2005.

In its appellate brief, St. Mary engages in statutory construction of Chapter 74 to support its position. Acknowledging the instant case "raises issues not previously addressed in the bill of review context," St. Mary's analysis of Chapter 74 leads it to conclude that the legislature intended for the 120–day expert report requirement to apply to bill of review actions because without such a construction, plaintiffs would be encouraged to file bills of review "for a second bite at the expert apple" whenever the original medical malpractice suit has been dismissed for an inadequate pretrial expert report.

It is axiomatic that equity will not suffer a right to exist without a remedy. See generally *Chandler v. Welborn*, 156 Tex. 312, 294 S.W.2d 801, 807 (1956). "A bill of review is an equitable proceeding designed to prevent manifest injustice." *French v. Brown*, 424 S.W.2d 893, 895 (Tex.1967). The basis for Griffin's bill of review is an attempt to have the July 1, 2003, dismissal "with prejudice" set aside and to have both parties placed back into the original cause, currently pending in the 60th District Court. In an attempt to succeed on his bill of review, Griffin has alleged that "fraudulent and wrongful acts" on the part of St. Mary resulted in the filing of an inadequate expert report which directly led to the July 1, 2003, dismissal. "It is the settled law of this state that a person who has been injured by a judgment may, at a subsequent term of court, institute a suit to set it aside and retry the original case." *Sedgwick v. Kirby Lumber Co.*, 130 Tex. 163, 107 S.W.2d 358, 359 (1937). We express no opinion on the merits of the bill of review. That determination is for the trial court.[4] For this portion of our discussion, it is immaterial which version of the health care liability law (MLIIA of Chapter 74) applies as the gravamen of the bill of review is that, because of the alleged fraudulent and/or wrongful acts on the part of St. Mary, the expert report, although filed timely under article 4590i, section 13.01(d), was nevertheless deficient through no fault of Griffin. St. Mary admits that it was provided with a new and revised expert report from Dr. Rubin and, undoubtedly, Dr. Rubin's report will be introduced as evidence by Griffin at the prima facie hearing as relevant to his meritorious defense. See *Beck v. Beck*, 771 S.W.2d 141 (Tex.1989); *Baker v. Goldsmith*, 582 S.W.2d 404, 408–09 (Tex. 1979).

Because the statutory prerequisites of both article 4590i and Chapter 74 are inapplicable to the bill of review process, we proceed with determining whether our appellate jurisdiction was invoked by St. Mary. As pointed out in footnote one, *supra*, Griffin's May 6, 2002, health care liability claim was filed prior to the effective date of any of the provisions of Chapter 74. The additional legislation authorizing interlocutory appeal when a trial court denies a motion to dismiss for failure to file an adequate expert report also applied "only to an action filed on or after the effective date" of September 1, 2003. See Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 1.03, 23.02(a), (d), 2003 Tex. Gen. Laws 847, 849, 898–99. Therefore, based upon the statutory provisions, any lawsuit involving health care liability claims filed prior to September 1, 2003, had no provision permitting interlocutory appeal when a trial court denied a motion to dismiss for failure to file an adequate expert report. See also *In re Woman's Hosp. of Texas, Inc.*, 141 S.W.3d 144, 148 (Tex.2004) (Owen, J., concurring and dissenting) (not-

---

**4.** The dissent points out that an expert report is necessary for the trial court's determination on the merits of the bill of review. We agree with that analysis.

ing that interlocutory appeal is available only in health care liability cases filed on or after September 1, 2003). In the instant case, a finding favorable to St. Mary's position would lead to hybrid causes of action being tried in the same suit should Griffin ultimately prevail on his bill of review petition. Griffin's health care liability claims against the two defendant-physicians and the defendant-blood center would proceed under the provisions contained in article 4590i, while Griffin's claims against St. Mary would proceed under the provisions of Chapter 74, with all of the claims possibly being adjudicated in one trial. *See Goldsmith,* 582 S.W.2d at 409.

We find that St. Mary has failed to invoke our appellate jurisdiction as the February 25, 2005, order denying its motion to dismiss is not governed by Chapter 74 or TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9) (Vernon Supp.2005), and there is no provision under art. 4590i for appeals of interlocutory orders. *See Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex. 1998) (appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction). We further believe that a finding of jurisdiction at this stage would ignore the "separate and wholly independent" nature of a bill of review. The cause is dismissed for lack of jurisdiction and remanded to the trial court.

APPEAL DISMISSED FOR LACK OF JURISDICTION.

DAVID GAULTNEY, Justice, dissenting.

Because the bill of review proceeding was filed after the effective date of section 74.351(a), the statute applies and requires that an expert report be filed within 120 days of the filing of the health care liability claim. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon 2005). The trial court below signed an order which denied a motion to dismiss for failure to timely file an expert report under that section. *See id.* at 74.351(b). The Legislature has authorized an appeal from an interlocutory order that denies a motion to dismiss for failure to timely file an expert report under section 74.351. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (Vernon Supp. 2005). Therefore, we have jurisdiction over the appeal.

The majority rests the jurisdictional holding on the assertion that Griffin's bill of review is merely an attempt to have the dismissal with prejudice in the original suit set aside and "to have both parties placed back into the original cause, currently pending in the 60th District Court." Because of the nature of a bill of review proceeding, the majority reasons, no statute requires an expert report and no statute permits an interlocutory appeal of the order denying the motion to dismiss. I believe this is incorrect.

First, a bill of review is not like a motion for new trial or an appeal; it is an independent action, a separate suit from the original cause in which the judgment was signed. *See Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 926–27 (Tex.1999)("an independent action"); *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979) ("an independent equitable action"); *Lehtonen v. Clarke,* 784 S.W.2d 945, 947 n. 1 (Tex.App.-Houston [14th Dist.] 1990, writ denied)("A bill of review is of course a separate and wholly independent lawsuit."). In fact, an order consolidating a bill of review with an original action would ordinarily be without any effect, because the trial court would no longer have jurisdiction over the original suit. *See Stansbury v. Hicks,* 396 S.W.2d 526, 527–528(Tex.Civ.App.-Fort Worth 1965, no writ). Here, the trial court in the

original suit severed plaintiff's cause of action against the hospital. Plaintiff did not file an appeal from that severed order of dismissal and the order became final. It is too late to "have both parties placed back into the original cause," as the majority suggests. That may have been achieved through a timely appeal, but it is not the function of a bill of review.

I disagree with the majority for a second reason. This bill of review is a health care liability claim. The trial of the bill of review will result in a judgment disposing of the health care liability dispute between the parties on its merits. *See generally Crabtree v. Crabtree*, 627 S.W.2d 486, 487 (Tex.App.-Corpus Christi 1981, no writ) ("The final judgment in a bill of review action should either deny any relief to the plaintiff or set aside the former decree in its entirety *and* substitute therefor a new judgment properly adjudicating the entire controversy.") (citations omitted)(emphasis in original). Therefore, the bill of review petition must allege a meritorious health care liability claim that would support a judgment on the merits. *See generally K.B. Video & Elecs., Inc. v. Naylor*, 847 S.W.2d 401, 405 (Tex.App.-Amarillo 1993, writ denied) (Petitioner must show entitlement to judgment on the merits.). In their bill of review petition, plaintiffs recognize this: For example, they state, "In cases of medical negligence involving a hospital, including this one, the hospital's own account, as contained in its records, is the only documentary evidence of whether or not the hospital is guilty of medical negligence." Plaintiffs were aware of section 74.351 when they filed their bill of review petition. Their petition states, "It is impossible for a retained expert to write a report compliant with 4590i or CPRC 74.351 if the facts are not reflected in the record or otherwise disclosed."[1] When a

claim is governed by a statute, the statutory requirements ordinarily must be satisfied. An expert report should have been filed within 120 days of the filing of this health care liability claim.

The majority notes the effective date of Chapter 74 would place the bill of review defendant in a position different from the parties to the original suit. What first places the bill of review defendant in a different position is the dismissal order with prejudice. More to the point, the effective date of the statute is an issue for the Legislature, and we are not free to create exceptions to the statute. The plaintiff failed to timely file the report in this health care liability claim. The lawsuit should have been dismissed by the trial court.

I believe the report requirement is entirely consistent with the nature of a bill of review proceeding. A bill of review petition must do more than merely allege a cause of action. *See K.B. Video*, 847 S.W.2d at 405. Rule 329b(f) states, "On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law...." The grounds sufficient to set aside a judgment on bill of review "are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex.2003) (citations omitted). Generally, the bill of review petitioner must show the following: (1) facts sufficient to constitute a meritorious claim or defense; (2) the petitioner was prevented from making the claim or defense by fraud, accident, or wrongful act of his or her opponent; and (3) the petitioner was not negligent. *Id.* at 752; *see also Goldsmith*, 582 S.W.2d at 406–07(Peti-

---

1. Plaintiffs base their "fraud" claim on alleged "inaccurate charting" by the hospital, information they say they learned after deposing a physician.

tioner must present sworn facts sufficient to constitute meritorious defense or claim.).

The "meritorious claim or defense" element has been described in one law review article as the "loss of a meritorious opportunity to avoid the judgment now complained of[,]" because the element is broad enough to encompass the loss of a meritorious claim, motion for new trial, motion to reinstate, or appeal. *See* Roger S. Braugh, Jr. & Paul C. Sewell, Equitable Bill of Review: Unraveling the Cause of Action that Confounds Texas Courts, 48 BAYLOR L.REV. 623, 630–31 (1996); *see Petro–Chem. Transp., Inc. v. Carroll,* 514 S.W.2d 240, 245–46 (Tex.1974)(loss of right to file a motion for new trial or appeal). In *Petro–Chemical Transport, Inc.,* for example, the Supreme Court said the trial error involved in the loss of a meritorious ground of appeal must be set out in the bill of review petition with particularity. *See id.* at 246. Here, the alleged "lost opportunity" relates to the timely filing of an adequate expert report in a health care liability claim. The expert report requirement allows the trial court to determine whether the claim is meritorious. I believe when a bill of review petitioner attacks an order dismissing a claim because of an inadequate expert report, the petitioner should at least include an adequate expert report with the bill of review petition. In my view, anything less would not sufficiently address the "meritorious claim or defense" element of the bill of review in that type of case, and would not state sufficient cause to set aside the prior dismissal order.

Because we have appellate jurisdiction under section 51.014(a)(9) to review the trial court's order, I respectfully dissent.